McNEIL v. BARROW et al.

No. 6105.

Court of Civil Appeals of Texas. Amarillo.

Dec. 18, 1950.

Curtis White, Dallas, for appellant.

Leachman, Matthews & Gardere, Dallas, and Carl Miller, Rockwall, for appellees.

STOKES, Justice.

On and before August 12, 1949, appellant, G. W. McNeil, was engaged in buying and selling automobiles at Longview in Gregg County. Wilson Motors, Inc., was a corporation, engaged in the same general line of business at Dallas. For some two years prior to the date mentioned, appellant and Wilson Motors had transacted business with each other. Appellant maintained at his place of business at Longview a lot or yard upon which he displayed for sale new and used automobiles purchased by him. At intervals he would communicate with Wilson Motors at Dallas and ascertain if it was in the market for the purchase of automobiles and, if it were, and appellant did not have them on hand, he would make an effort to purchase automobiles of the nature and kind desired by Wilson Motors and deliver them to Wilson Motors at Dallas. Ordinarily he would have the automobiles driven from Longview to Dallas by some person employed by him or so deliver them himself but, upon some occasions, he would locate and purchase automobiles at other places and deliver them from there to Wilson Motors at Dallas in the same manner. If the automobiles were such as Wilson Motors desired, it would accept them and pay to appellant the price he had paid for them respectively. Wilson Motors would then place the automobiles so purchased upon its lot at Dallas and make an effort to resell them. There was no specific contract, either written or verbal, between them but the parties had been doing business with each other in that manner for more than two years. If the cars delivered to Wilson Motors by appellant were sold by Wilson Motors to wholesale dealers, it paid to appellant $25 as his remuneration; but, if the cars were sold at retail, it paid to him the sum of $50 as his remuneration. If Wilson Motors did not make any profit on the resale of the automobiles or, if it sold them for less than it paid appellant for them respectively, Wilson Motors would pay to appellant the sum of $6 to reimburse him for the expense of transporting them from Longview, or other place of origin, to Dallas.

Some few days before August 12, 1949, Wilson Motors informed appellant that it had a customer for an automobile known as a Buick Convertible. Appellant began an effort to locate such an automobile and, on that day, it located a new one belonging to a dealer at Clarksville. He communicated with Wilson Motors by telephone and was informed it still was in the market for such an automobile. Appellant then employed A. J. Jackson, a colored boy of Longview, to proceed to Clarksville, take with him appellant's cheque for $2,500, deliver the cheque to the dealer and then drive the car from Clarksville to Wilson Motors place of business at Dallas. Jackson proceeded to carry out his instructions and, in driving through Rockwall County, the Buick automobile he was driving collided with a Chevrolet automobile belonging to A. D. Barrow, who was a resident of Travis County. The collision practically destroyed both automobiles and resulted in the death of Mrs. Barrow, who was riding with her husband, and seriously injured Barrow.

On October 21, 1949, A. D. Barrow filed in the District Court of Rockwall County a suit for damages against appellant, G. W. McNeil, alleging negligence on the part of Jackson and that, as a result thereof, Mrs.

Barrow was killed, Barrow himself seriously injured and his automobile destroyed.

Appellant answered by a general denial and various allegations of contributory negligence. At the same time, he filed what is designated as Defendant's Third Party Complaint, in which he sought to bring in Wilson Motors, Inc., as a defendant. He alleged that Barrow had filed suit against him and that he had denied liability for the injuries and damages which Barrow sought to recover of him. He alleged further that, in the event it should be determined that Barrow was entitled to recover of him, then he alleged that, for a period of two years or more, he had been purchasing two or three automobiles per week, transporting them to Wilson Motors, Inc. at Dallas, under an express agreement that Wilson Motors would sell them and, if any profit were made thereon, appellant McNeil would share in the profit and, if any losses occurred by reason of their operations, Wilson Motors would share the losses with appellant. He alleged, in the alternative, that if it be found there was no express agreement between him and Wilson Motors, then there was a community of interests in the profits and liabilities for any losses and that an implied agreement existed between them which grew out of their relationship as above detailed and under which they were engaged in a joint enterprise. He alleged further that, if he were held liable to Barrow for damages on account of the collision of the Buick Convertible with Barrow's automobile, then under the joint enterprise and relations existing between him and Wilson Motors, the latter was jointly liable with him and, upon that ground, he sought to bring Wilson Motors into the case as a third party defendant.

Wilson Motors filed a plea of privilege in the usual form and prayed, in effect, that, as to it, the case be transferred to a District Court of Dallas County, the county of its residence.

Appellant contested the plea of privilege and attached to his contesting affidavit a copy of Barrow's original petition. The issues made by the plea of privilege and the contesting affidavit were heard by the court on May 12, 1950, and resulted in a judgment granting the plea of privilege and ordering the case transferred to a district court of Dallas County in so far as it concerned Wilson Motors, Inc. Appellant McNeil duly excepted to the judgment and order, and perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas. The case was transferred to this court by order of the Supreme Court equalizing the dockets of the Courts of Civil Appeals and it is now before us for review.

Appellant attacks the judgment of the court below and urges four assignments of error in which he contends the court erred in sustaining Wilson Motors' plea of privilege because appellant and Wilson Motors were joint adventurers with respect to the operation of the Buick automobile involved in the collision; that appellant employed Jackson to drive the automobile; and Jackson committed a trespass in Rockwall County for which, if appellant is liable, Wilson Motors is also liable as a joint adventurer with him. He further contends that, in any event, the evidence was sufficient to show a prima facie cause of action in favor of Barrow, arising in Rockwall County, and also a prima facie joint adventure between him and Wilson Motors, and the court erred in denying him the right to assert his complaint and bring Wilson Motors into the case as a party defendant.

From the foregoing statement of the case and the contentions presented by appellant it is evident that the case turns upon the question of whether or not appellant and Wilson Motors were engaged in a joint enterprise and were therefore joint adventurers. We do not deem it necessary to pass upon the question of whether or not, under the circumstances revealed by the pleadings and the evidence, appellant had the right to maintain his cross-action in Rockwall County against Wilson Motors' plea of privilege irrespective of the question of joint adventurers. We will observe, however, that appellant, as the defendant in the case, did not and could not allege a cause of action in his favor against Wilson Motors. The case

had not been tried on its merits and there was no ground upon which to base such a cause of action. For that reason alone, we think it is at least doubtful that he could defeat the plea of privilege. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774.

There are many cases in which our courts have attempted to define the status of joint adventurers but none has drawn what, to our minds, is a satisfactory line of distinction between them and special partnerships. Each case seems to rest upon its own facts but it is generally held that a community of interest in the profits and liabilities for any losses that might occur are essential features, without which the relationship of either general or special partners or that of joint adventurers cannot be established. McDaniel v. State Fair, Tex.Civ.App., 286 S.W. 513; Thompson v. Duncan, Tex.Com.App., 44 S.W.2d 904; Connellee v. Nees, Tex.Com.App., 266 S.W. 502.

We are unable to find in the evidence proof of any kind of partnership relation or joint adventure between appellant and Wilson Motors, Inc. The undisputed testimony showed that, until appellant delivered his automobiles to Wilson Motors at its place of business in Dallas, Wilson Motors had no interest whatever in them. It furnished to appellant no money to purchase automobiles and had no investment in any automobiles which appellant ever purchased until they were so delivered and accepted by Wilson Motors, Inc. It is clear from the evidence that appellant was under no obligation to sell any particular automobile to Wilson Motors. He was free at all times to sell any of them to other parties, even after he had communicated with Wilson Motors and ascertained they were in the market for the same kind of automobile. Moreover, the undisputed evidence showed that appellant was not liable for any losses incurred in the sale of automobiles for less than they cost Wilson Motors and he was never expected to participate in such losses. The only manner in which he was affected by a loss was that, instead of the usual $25 or $50 paid to him by Wilson Motors as his

remuneration for procuring the automobiles, he was paid $6, the estimated expense incurred in transporting or driving them from Longview to Dallas. He had no money invested in Wilson Motors' business at Dallas and Wilson Motors had no money invested in his business at Longview. The undisputed testimony further showed that, even after appellant purchased an automobile and transported it to Wilson Motors' place of business at Dallas, Wilson Motors was not obligated to purchase it from him but could refuse it if, for any reason, it did not wish to do so. The most that can be said of the relationship existing between them was that Wilson Motors constituted a market in which appellant could dispose of some of the automobiles he purchased from other parties. The Negro boy, Jackson, who went to Clarksville and procured the Buick automobile was employed by appellant. The automobile was paid for by appellant and Wilson Motors had no interest in employing Jackson nor in purchasing the car from the dealer at Clarksville. In fact, it did not know where the automobile was located nor from whom appellant expected to purchase it. A joint adventure must have at least some of the characteristics of a partnership. In the case of Thompson v. Duncan, supra, it was said: "Courts do not treat a joint venture as identical with a partnership, yet it is universally held that such relation is so similar in its nature to a partnership and in the contractual relation created thereby that the rights as to the members are governed by substantially the same rules that govern partnerships." [44 S.W.2d 907.]

Since appellant owned no interest in the business of Wilson Motors, Inc., and was not bound to perform any services for it and Wilson Motors owned no interests in appellant's business at Longview, nor in the automobile purchased by him at Clarksville, and was not bound nor obligated to purchase it from appellant, even if it had been transported to its place of business, no species of partnership existed and no joint adventure was shown.

The Buick automobile was beyond repair and appellant sold it as junk for $800.

The purchaser delivered his cheque for that amount to Wilson Motors and it was endorsed by Wilson Motors and delivered to appellant. In addition, Wilson Motors paid to appellant $775 and appellant asserts that this was a participation by Wilson Motors in the loss on the automobile and constituted proof of a joint adventure between them. The undisputed testimony showed that Wilson Motors concluded they did not owe appellant anything and that they would not repay him for any portion of his loss but, upon further consideration, Wilson Motors decided that, inasmuch as its business transactions with appellant had been profitable; that appellant had always dealt fairly with it; and that appellant was not financially able to bear the entire loss, it would pay the arbitrary sum of $775 merely to alleviate the adverse and unfortunate condition in which the incident had placed appellant. We do not think this transaction changed the relationship in any manner whatever. Certainly it was not sufficient, of itself, to constitute a joint enterprise or establish the relationship of joint adventurers between them.

 Appellant further contends that, since Wilson Motors did not deny the partnership or joint enterprise under oath, the existence of the relationship of joint adventurers, as pleaded by him, stood as having been admitted and, for that reason, the court erred in sustaining the plea of privilege. While the term "joint enterprise" refers to a kind of partnership, the terms are not synonymous. Partnerships, both general and special, were known to the common law but no such legal concept as joint adventurers was known to it. The term "partnership" is of ancient origin, while the term "joint adventurers" is of comparatively recent origin, and is a creature of the American courts. If the Supreme Court, in promulgating Rule 93, T.R.C.P., or the legislature in enacting former statutes, under which partnerships must be denied under oath to be effective as pleading, had intended to include joint adventurers, they would, no doubt, have done so in clear and explicit language, since the relationships, while similar, are not the same and the terms are not synonymous. In our opinion, therefore, it was not necessary for Wilson Motors to deny the allegations of joint adventurers as a prerequisite to its right to introduce evidence disproving such allegations.

We have carefully considered all of the contentions presented by appellant and, in our opinion, none of them reveals error. The judgment and order entered by the court below sustaining the plea of privilege and ordering the case against Wilson Motors, Inc. transferred to a district court of Dallas County, will therefore be affirmed.