**ZARSKY LUMBER COMPANY et al.,**
**Appellants,**

**v.**

**Leroy J. GUIBERTEAU et ux.,**
**Appellees.**

**No. 12677.**

Court of Civil Appeals of Texas.

San Antonio.

July 14, 1954.

Rehearing Denied Sept. 8, 1954.

Hyde, Barber & Shireman, Corpus Christi, for appellants.

Travis Smith, Corpus Christi, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Leroy J. Guiberteau and wife, Elizabeth E. Guiberteau, against Adolph Orsak, Zarsky Lumber Company, a co-partnership composed of H. V. Smaystrala and C. F. Zarsky, and L. H. Gross, sued only in the capacity of trustee under the mechanic's and materialman's lien contract and deed of trust, seeking in a trespass to try title action to recover the title and possession of a parcel of land consisting of 1.5 acres, near the City of Corpus Christi in Nueces County, Texas, owned by Mr. and Mrs. Guiberteau, known as Lot 16 on the Shell Road, and fully described in the petition.

Plaintiffs sought, in the alternative, the cancellation of a mechanic's and materialman's lien note in the sum of $14,500, a mechanic's and materialman's lien contract, and a deed of trust securing the payment of the note by a lien upon said 1.5 acres of land.

The defendants answered by a plea of not guilty and general denial, and by way of cross-action plead the builder's contract, the mechanic's lien note, the mechanic's and materialman's lien contract and the deed of trust, and further alleged that Adolph Orsak had duly assigned the note, together with all liens securing its payment, to Zarsky Lumber Company; that Zarsky Lumber Company had advanced to cross-plaintiff defendant the sum of $5,331.25, either in cash or materials furnished under the terms of said mechanic's and materialman's lien contract, which cash and materials were used in the erection of a house upon said 1.5 acres of land.

Zarsky Lumber Company and L. H. Gross, Trustee, asked judgment against cross-defendant plaintiff in the sum of $5,331.25, together with interest and attorney's fees, and for a foreclosure of the mechanic's and materialman's lien against the 1.5 acres of land.

The trial was to a jury and, based upon its answers to the questions submitted, judgment was rendered in favor of the plaintiffs, setting aside, voiding and holding for naught and of no force or effect the mechanic's and materialman's lien, the note and the deed of trust lien, and awarding to plaintiffs the title and possession of the 1.5 acres of land free from all liens, also the sum of $966.86, as the rental value of the property and the sum of $261.80 for the electrical installations and equipment, and the sum of $562.60 for the plumbing fixtures and installations, all of said amounts to bear interest at the legal rate.

Judgment was further rendered in favor of Mr. & Mrs. Guiberteau in the sum of $450, unless defendants within sixty days removed the uncompleted building from the premises, from all of which judgment Zarsky Lumber Company has prosecuted this appeal.

Appellant's first point presents the contention that the court erred in submitting Special Issue No. 10 to the jury, because there was neither pleading nor proof to justify such submission.

Special Issue No. 10 reads as follows:

"Do you find from a preponderance of evidence that the defendant, Adolph Orsak and defendant Zarsky Lumber Company were partners for the limited purpose of constructing the building

in question for plaintiff Guiberteau?. Answer 'Yes' or 'No.'

"Answer: Yes."

The appellees make the contention that they plead a partnership existed between Adolph Orsak and Zarsky Lumber Company, which was not denied under oath by appellant, and therefore such partnership should be taken as admitted and no evidence of such partnership. We overrule this contention. Appellees, in paragraph 2 of their petition alleged, in effect, that they were suing Adolph Orsak, individually, and that the Zarsky Lumber Company was composed of two partners, H. V. Smaystrala and C. F. Zarsky. However, in the alternate count of their petition, appellees did allege,· in effect, that in building this house for them Adolph Orsak and the Zarsky Lumber Company were acting as partners.

These allegations are nothing more than that Adolph Orsak and the Zarsky Lumber Company were partners in the one adventure of building this particular house. Such an allegation, in view of all the facts plead herein, is one of joint adventure and not of partnership, and allegations of joint adventure do not have to be denied under oath. McNeil v. Barrow, Tex.Civ.App., 237 S.W. 2d 730.

Furthermore, the building contract, the note, and the mechanic's and materialman's lien contract show that the appellees were the owners of the lot on which they contracted with Adolph Orsak to build them a house, that they signed· a note payable to Adolph Orsak in the sum of $14,500 to cover the cost of constructing the house, and that the note and lien were sold by Orsak, on the date of its execution, to Zarsky Lumber Company, composed of two partners, H. V. Smaystrala and C. F. Zarsky. The oral evidence introduced is insufficient to contradict these facts clearly shown by written documents signed by the parties. The suit is not for the full amount of the note, only the sum of $5,331.25, the amount of the labor and material furnished by the holder in due course of the note. Continental Nat. Bank of Fort Worth v. Conner, 147 Tex.

218, 214 S.W.2d 928; · Art. 5935, '§ 54, Vernon's Ann.Civ.Stats.

In passing, we further point out that appellant did file a verified answer denying each and every allegation made by appellees, and this denial was no more vague, indefinite and general than was appellees' allegation of partnership.

One Floyd Burt was the manager of the Lumber Yard belonging to Zarsky Lumber Company situated in Corpus Christi, Texas. He is not shown to have any authority other than manager of the local lumber yard. The evidence shows that on one or more occasions he said to the appellees, we will build you a good house, we have a good man. In view of the written documents in this case this could not have meant that Orsak was a partner in the Zarsky Lumber Company.· The two partners who, even according to appellees' own pleadings, composed the Zarsky Lumber Company, both lived in Victoria County, and there is no evidence that they knew or ever talked to· Adolph Orsak, or that they had given any authority to their local manager other than to sell materials.

In 32 Tex.Jur. p. 227, the elements of a partnership relation are succinctly stated as follows:

"As indicated in the definitions of 'partnership', that word implies and requires a union or association of two, or more persons, involving a selection of each other and no one else (the delectus personae) by agreement and intention for a common legal object, business, or enterprise, with community in use of money, property, facilities, or services, contemplating the sharing of profits as profits and ordinarily losses. also, and the dissolution of the firm on death or change in membership."

There is nothing in this record to show that H. V. Smaystrala and C. F. Zarsky,. either by word or conduct, ever agreed that Adolph Orsak should be a partner in or with the Zarsky Lumber Company, nor is it shown that any duly authorized agent of

theirs ever made such an agreement for and on behalf of them. Johnston v. Winn, Tex. Civ.App., 105 S.W.2d 398; Lovell v. Lovell, Tex.Civ.App., 202 S.W.2d 291.

■ Appellants further contend that the trial court erred in overruling this motion for judgment notwithstanding the verdict of the jury. We sustain this point. On May 9, 1952, appellees executed the mechanic's lien note in the principal sum of $14,500, payable to their contractor and builder, Adolph Orsak, who in turn on the same day transferred, by written assignment, this note together with the mechanic's and materialman's lien securing its payment to appellants. The appellees owned a homestead in Corpus Christi and the house contracted to be built was not their homestead. Thereafter appellants furnished the money to meet the payroll and material for the construction of appellees' house, before the maturity of the note and before appellees stopped work on the house in July, 1952. It is not shown that prior to that time appellants had any notice of any defects in the title of Orsak, the contractor, to the note and lien. Under such circumstances, appellants are entitled to recover the money advanced and the value of the material furnished. Art. 5935, § 54, Vernon's Ann.Civ. Stats.

■ The note was a negotiable note under the requirements laid down in Art. 5932, § 1, subdivisions 1 to 5, Vernon's Ann. Civ.Stats. And the fact that the note contains a statement of the transaction which gives rise to it does not render it nonnegotiable in form. Art. 5932, § 3, subdivision 2, Vernon's Ann.Civ.Stats.; Continental Nat. Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928; McCutcheon v. Union Mercantile Co., Tex.Civ.App., 267 S.W.2d 916.

■ Appellants, as assignees of the mechanic's lien note from Orsak, did not as-

sume the building contract, and they had no duty to complete the building on the contractor's failure to do so. Galbraith-Foxworth Lumber Co. v. Long, Tex.Civ. App., 5 S.W.2d 162; Lancaster v. Whaley Lumber Co., Tex.Civ.App., 18 S.W.2d 796; Long Bell Lumber Co. v. Futch, Tex.Civ. App., 20 S.W.2d 1076; Hardin Lumber Co. v. Shepherd, Tex.Civ.App., 40 S.W.2d 215.

The contractor, Adolph Orsak, did not appeal from the judgment of the trial court, and as to him the judgment is in all things affirmed, but that part of the judgment which is against Zarsky Lumber Company and L. H. Gross, trustee, is reversed, set aside and held for naught. Judgment is here rendered in favor of Zarsky Lumber Company, H. V. Smaystrala and C. F. Zarsky, against Leroy J. Guiberteau and Elizabeth E. Guiberteau, in the principal sum of $5,-331.25, together with interest from July 9, 1952, at the rate of 6% per annum and 10% additional on the above sums as attorney's fees, and further for foreclosure of the mechanic's and materialman's lien against the following described property situated in Nueces County, Texas, to-wit:

"A tract of land out of Share XVI of the partition of the lands of C. C. Hart, Deceased, Abstract No. 808, allotted to Christine Walker in said partition, described in Partition Deed between said heirs, namely, Viola L. Gibson et al., dated April 23, 1942, recorded in Volume 293, Page 425, Deed Records of Nueces County, Texas; said tract being more particularly described by metes and bounds in the hereinabove mentioned Mechanic's and Materialman's Lien Contract, to which reference is here made in aid of description."

Judgment is further rendered in favor of appellants for the costs of this appeal and all costs incurred by them in the trial court.