Fern BROUGH, Appellant,

v.

WEST TEXAS APPLIANCE COMPANY, Appellee.

No. 13699.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 4, 1961.

Rehearing Denied Jan. 25, 1961.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

LeLaurin, Chamberlin & Guenther, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a plea of privilege case. West Texas Appliance Company instituted this suit in the 131st District Court of Bexar County, Texas, against Fern Brough and Armand "Lucky" Baldinell, individually and doing business as Lucky's TV & Appliance Company, seeking to recover the sum of $7,222.92, together with interest and attorney's fees, upon a sworn account. Fern Brough timely filed a plea of privilege alleging her residence to be in Nueces County, Texas, and asking that the cause be transferred to the District Court of that County. This plea of privilege was controverted by plaintiff, alleging that venue could be maintained in Bexar County, Texas, under Sections 5 and 29a, Art. 1995, Vernon's Ann.Civ.Stats. No evidence was introduced at the hearing and the trial judge overruled the plea of privilege. Fern Brough has prosecuted this appeal.

Appellant, Fern Brough, denied under oath that she was a partner with Armand "Lucky" Baldinell, and also denied the justness of the sworn account, in accordance with Rule 93, Texas Rules of Civil Procedure. Appellee attached several exhibits to its controverting affidavit which were promissory notes signed "Lucky's TV & Appliance, Armand Baldinell," and also attached a letter from Fern Brough with

reference to the existence of the partnership. None of these exhibits were introduced in evidence, and no evidence was heard tending to show the existence of a partnership, or that the sworn account was fair and just. Under such circumstances the trial court erred in overruling the plea of privilege.

Accordingly, the judgment of the trial court will be reversed and judgment here entered directing that the cause of action be transferred to the District Court of Nueces County in keeping with the provisions of Rule 89, Texas Rules of Civil Procedure.