Dante P. FERRARA et al., Appellants,

v.

CORINTH JOINT VENTURE et
al., Appellees.

No. 5540.

Court of Civil Appeals of Texas,
Eastland.

Dec. 18, 1980.

Ronald L. Phillips, Kelsey, Wood, Gregory
& Banks, Denton, for appellants.

William E. Hartsfield, Carrington, Cole-
man, Sloman & Blumenthal, Dallas, for ap-
pellees.

DICKENSON, Justice.

This venue case involves a claim for dam-
ages under the 1977 version of the Decep-
tive Trade Practices-Consumer Protection
Act.

Plaintiffs, Dante and Kirsten Ferrara,
purchased a house in Denton County from
Defendant, M.P. Crum Company, in 1978.
Plaintiffs sued that defendant and others,
alleging that false representations were
made by defendants and their agents, and
seeking damages under Tex. Bus. & Com.
Code Ann. § 27.01 (Vernon 1968) and the
Deceptive Trade Practices Act, Tex. Bus &
Com. Code Ann. § 17.41 et seq. (Vernon
Supp.1980). Pleas of Privilege were filed
by M.P. Crum Company and Corinth Joint
Venture, both of whom claimed venue in
Dallas County. Those pleas of privilege
were sustained on February 27, 1980.
Plaintiffs appeal. We affirm.

■ Plaintiffs have briefed three points
of error. Point one argues that they estab-
lished venue under the 1979 version of the
Deceptive Trade Practices Act, Tex. Bus &
Com. Code Ann. § 17.56 (1979 Tex.Gen.
Laws, ch. 603 at page 1332). We disagree
because Section 9 of that Act specifically
provides:

> This Act shall be applied prospectively
> only. Nothing in this Act affects either
> procedurally or substantively a cause of
> action that arose either in whole or in
> part prior to the effective date of this
> Act.

The 1979 amendments became effective on
August 27, 1979, and Plaintiffs base their
cause of action upon the purchase of a
house on January 20, 1978. Consequently,
the 1979 version of Section 17.56, the special
venue provision of the Deceptive Trade
Practices Act, is not available to Plaintiffs.
The 1977 version will be discussed in con-
nection with the third point of error.

The second point of error argues that the trial court erred in sustaining the pleas of privilege because the evidence established venue under Subdivision 23 of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964).[1] Plaintiffs concede that they are required to prove a cause of action under Subdivision 23. See 1 McDonald, Texas Civil Practice § 4.30.2 (Rev.1965). The trial court held that Plaintiffs "failed to carry their burden." Since the trial court was not required to believe the Plaintiffs' evidence, and the facts were not conclusively established, we must overrule this point of error and affirm the trial court's ruling as to Subdivision 23 of Article 1995.

The third point of error contends that the trial court erred in sustaining the pleas of privilege because Plaintiffs established their right to maintain venue in Denton County under the 1977 version of Section 17.56 of the Deceptive Trade Practices Act (1977 Tex.Gen.Laws, ch. 216 at page 604). At the time Plaintiffs purchased the house, that special venue provision read as follows:

> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business.

It is true that Plaintiffs have alleged a claim to relief under Section 17.50 and that they need not prove a cause of action in order to maintain venue under this special venue provision. However, they must prove that each defendant "has done business" in Denton County since neither defendant resides nor has its principal place of business in that county. The proof establishes that the house which Plaintiffs bought is located in Denton County, but there is no proof that either defendant has done any business in that county. The record is silent as to where defendant M.P. Crum Company signed the "Exclusive List-ing Agreement" and the deed. There is no proof that the realtor is a general agent of defendants through which they can be held vicariously to have engaged in business in Denton County.

The trial court's order is affirmed.

---

1. At oral argument Plaintiffs waived their claim to venue under Subdivision 29a of Tex.Rev.Civ. Stat.Ann. art. 1995 (Vernon 1964).