**Darryl W. BALAS et ux, Appellants,**

**v.**

**FIRST BANK IN GROVETON and Harold Biscamp, d/b/a Biscamp Construction Company, Appellees.**

**No. 17954.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 28, 1981.

Rehearing Denied June 25, 1981.

James Stafford, Houston, for appellants.

James Steve Roper, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellees.

Before EVANS, WARREN and SMITH, JJ.

EVANS, Justice.

The plaintiffs appeal from an order sustaining the plea of privilege of the defendant, First Bank in Groveton, and ordering the cause transferred as to that defendant to Trinity County, the county of its residence and principal place of business. The trial court's order will be affirmed.

The essential facts leading up to this lawsuit are not in dispute.

On September 28, 1977, the plaintiffs entered into a builder's and mechanic's lien contract with the defendant Harold Biscamp for the construction of a residence on property which plaintiffs owned in Walker County. Under this agreement, the contractor was paid $4,800 in cash, and the plaintiffs executed a mechanic's lien note in the amount of $52,800. On November 7, 1979, the contractor transferred the note to the First Bank in Groveton, and thereafter, at various intervals, he received disbursements totalling the full amount of the note. The contractor apparently diverted most of these funds to purposes other than the construction of the plaintiffs' house, because the house was only one-quarter complete after all funds were withdrawn. Thereafter, the contractor abandoned the project, and he was subsequently adjudged bankrupt. In the meantime, two of the contractor's suppliers had filed liens totalling $9,669 against the plaintiffs' property due to the contractor's failure to pay for materials.

The Bank concedes that the note is not negotiable and does not assert any right of recovery under the note against the plaintiffs. Several days prior to the venue hearing the Bank filed a release of lien, disclaiming any interest under the mechanic's lien contract. The position of the Bank has been that it bears the full amount of its loss with respect to the loan proceeds advanced to the contractor.

The plaintiffs brought this action against the contractor and the bank, alleging that they had been compelled to forfeit a loan commitment fee in the amount of $1,130 and had been forced to apply for a new loan with an interest rate a full percentage point

higher than the original commitment. They also alleged that they had been forced to pay $17,200 more than they had contracted to pay, in order to complete their house. In their petition plaintiffs alleged breach of contract, negligence and violations under the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code, Section 17.50 (Vernon 1977).

■ In order to maintain venue under the Deceptive Trade Practices-Consumer Protection Act, the plaintiffs were required to allege a claim for relief under Section 17.50 of that Act and to prove that the defendant resided or had his principal place of business in the county of suit or had done business in that county. Tex.Bus. & Comm. Code Ann. Section 17.56. It is appropriate to examine the pleadings to ascertain whether the nature of the cause of action alleged comes within the purview of Section 17.50. *Dairyland County Mutual Insurance Co. of Texas v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

In their first amended petition, the plaintiffs alleged that the Bank, as assignee of the mechanic's lien note, had the "right," before disbursing funds to the contractor, to inspect the premises and to require certificates of completion. The plaintiffs also alleged that the Bank had assured the plaintiffs on many occasions that it would see that the construction of the house was completed. The plaintiffs alleged that these statements constituted false, misleading and deceptive acts in the conduct of trade and commerce and, therefore, violated Section 17.46 of the Act. The plaintiffs also alleged that the Bank's reassurances and failure to inspect constituted a breach of an express and an implied warranty with respect to the construction of the house and that the bank knew the plaintiffs were relying on its skill and judgment in financing the construction of their home. The plaintiffs contend that such breaches of warranty constitute violations of the 1977 version of Section 17.50(a)(2) of the Act.

■ The mechanic's lien note recites that it is subject to the completion of the contract work on a date specified, but it does not impose upon the assignee Bank any obligation to construct the improvements if the contractor fails to do so. An assignee of a mechanic's lien note who does not assume the builder's obligation to construct the improvements has no duty to complete the building upon the contractor's failure to do so. *Galbraith-Foxworth Lumber Co. v. Long*, 5 S.W.2d 162 (Tex.Civ.App.—Dallas 1928, writ ref'd); *Lancaster v. Whaley Lumber Co.*, 18 S.W.2d 796 (Tex.Civ.App.— Amarillo 1929, writ dism'd); *Zarsky Lumber Company v. Guiberteau*, 270 S.W.2d 630 (Tex.Civ.App.—San Antonio 1954, writ ref'd n. r. e.).

The plaintiffs do not allege that the Bank made any representations to them with respect to the transaction prior to May, 1978, a date subsequent to the time when the work was to have been completed. Neither do the plaintiffs allege that the Bank participated in their negotiations with the contractor which led to their execution of the mechanic's lien contract. There is no allegation of any written contract having been executed by the Bank.

The plaintiffs do not allege fraud, misrepresentations or overreaching by the Bank in connection with the transaction resulting in the assignment of the mechanic's lien note, and the plaintiffs have failed to allege any cause of action against the Bank as a basis for maintaining venue as to the defendant in the county of suit. The plaintiffs' first three points of error are overruled.

■ In their final point of error the plaintiffs contend that venue should be maintained in the county of suit under Tex. Rev.Civ.Stat.Ann. art. 1995 Section 14, because their action involved title to land. At the time of the venue hearing the Bank had disclaimed all interest under the mechanic's lien contract, and the Bank was not a necessary party to the plaintiffs' action against the contractor or against the subcontractors for removal of their liens as clouds on title. This point is overruled.

The trial court's order is affirmed.