ABC TRUCK RENTAL AND LEASING COMPANY, Appellant,

v.

SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, et al., Appellees.

No. 04–81–00438–CV.

Court of Appeals of Texas, San Antonio.

Nov. 30, 1983.

Charles B. Gorham, Shaddox, Gorham & Good, San Antonio, for appellant.

Emilio M. Garza, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellees.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is a venue case.

Appellant ABC alleges a claim for relief under the Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon Supp.1982–1983). To maintain venue in Bexar County, appellant relies on the special venue provision of the DTPA, § 17.56, as amended in 1977. The trial court sustained appellees' pleas of privilege. We reverse and render.

ABC is a commercial motor vehicle renting and leasing business. In 1978, C. Jim Stewart & Stevenson, Inc., another vehicle rental business, transferred all the assets of its Houston operation to S & S, Inc., a wholly owned subsidiary. Two years later, S & S merged with ABC, transferring its assets, including the vehicle damaged in the accident and the insurance claim on it, to ABC.

In 1977, Stewart & Stevenson had leased a tractor, vehicle number 1524. The lessee, as per agreement with the lessor, obtained insurance on the vehicle with a loss payee endorsement in favor of Stewart & Stevenson. Appellee Southern was the insurer, and appellee Tri-State General was its claims agent. Later, S & S replaced this vehicle with another, number 2944. The latter vehicle suffered damage in an accident, costing S & S $39,939.96 in repairs. The accident occurred August 3, 1978, during the policy term. S & S and ABC, as successor in interest to S & S, presented claims to the defendant insurers.

ABC claims the policy covered replacement vehicles and alleges wrongful denial of coverage. Alternatively, ABC claims Southern and Tri-State General, knowing that Stewart & Stevenson and its lessee believed they were applying for a policy with replacement coverage, failed to inform them otherwise.

ABC also alleges the local recording agent, acting for Southern and Tri-State General, misrepresented the policy as covering replacements, thereby inducing Stewart & Stevenson and its lessee to buy the policy. In a case tried to the court without a jury where no findings of fact or conclusions of law are filed or requested, facts are deemed to have been found in support of the judgment, and the judgment will be affirmed if it can be upheld on any legal theory supported by the evidence. *Inwood North Homeowners' Association, Inc. v. Meier,* 625 S.W.2d 742, 745 (Tex.Civ.App. —Houston [1st Dist.] 1981, no writ). Appellees in their first counterpoint state that the DTPA § 17.56 as amended effective August 27, 1979, controls this suit filed March 13, 1980. The general rule in Texas is that the law in effect at the time of the institution of the suit governs venue. *Big Rock Properties Texas, Inc. v. King,* 613 S.W.2d 804, 805 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). However, the Legislature in enacting the 1979 amendment to the DTPA stated:

> This Act shall be applied prospectively only. Nothing in this Act affects either *procedurally* or substantively a cause of action that arose either in whole or in part prior to the effective date of this Act. [Emphasis added.]

1979 Tex.Gen.Laws, Ch. 603, § 9, at 1332.

The question is whether the 1977 or the 1979 version of § 17.56 applies to actions filed after but arising before August 27, 1979. In our case, we find the 1977 version applies.

In *Big Rock Properties,* the court does not state when the misrepresentation cause of action arose, whether before or after the June 19, 1979 lease in question. The court applies the 1979 version of § 17.56 based on the "general rule" determining venue law as of the date of the suit, there, April 10, 1980.

Other courts have considered the prospective nature of § 9 of the 1979 amendment as determinative. In *Ferrara v. Corinth Joint Venture,* 611 S.W.2d 669 (Tex.Civ. App.—Eastland 1980, no writ), the court in applying § 9 refused to allow plaintiffs to proceed under the 1979 version of § 17.56 because their cause of action was based on an event occurring in January, 1978.

Citing *Woods v. Littleton,* 554 S.W.2d 662, 666 (Tex.1977) and *Ferrara, supra,* the court in *Gable v. Wood,* 622 S.W.2d 884, 885 (Tex.App.—Fort Worth 1981, writ dism'd),

applied 1977 amendments since plaintiff's original petition alleged a cause of action commencing on or before April 26, 1979.

In *United States Steel Corp. v. Fiberglass Specialties, Inc.*, 638 S.W.2d 950, 952–53 (Tex.App.—Tyler 1982, no writ), the alleged acts occurred from January to July of 1979; suit was not filed until October 3, 1979. The court said that by virtue of the prospective nature of the 1979 amendments, the general rule that venue is controlled by the venue provision in effect at the time the suit is filed does not apply to DTPA suits filed after but based on causes of action accruing before the effective date of the amendments. The court cited commentators: Curry, *The 1979 Amendments to the Deceptive Trade Practices-Consumer Protection Act,* 32 BAYLOR L.REV. 51, 79 (1980) and Patton, *Case Law Under the Texas Deceptive Trade Practices-Consumer Protection Act,* 33 BAYLOR L.REV. 533, 575–76 (1981). *Id.* at 953.

■ We find § 9 of the 1979 amendments directs that the procedural as well as substantive law in effect at the time plaintiff's cause of action arose governs. Since the appellant here asserts a cause of action for misrepresentations made to induce the purchase of an insurance policy issued on October 21, 1977, and the accident occurred August 3, 1978, the alleged cause of action obviously arose prior to the effective date of the 1979 amendments.

■ Hence, the 1977 version of § 17.56 is applicable:

> An action brought which alleges a claim for relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought ... has done business.

TEX.BUS. & COM.CODE ANN. (Vernon Supp.1982–1983) (amended 1979).

Thus appellant need do no more than allege a cause of action under § 17.50 and prove that defendants had done business in Bexar County. Appellees do not dispute appellant's proof that Tri-State General and Southern had done business in Bexar County. At the plea of privilege hearing, plaintiff offered into evidence, without appellees' objection, depositions by corporate representatives of both companies as to their business in San Antonio.

Appellees do argue, however, in counterpoints two and three that appellant failed to allege a claim for relief under DTPA § 17.50 and presented no or insufficient evidence that it was a successor in interest to Stewart & Stevenson.

■ The 1977 version of § 17.50(a)(1) applicable to this case gave a consumer an action if he had been adversely affected by an act or practice declared to be unlawful by § 17.46. TEX.BUS. & COM.CODE ANN. (Vernon Supp.1982–1983) (amended 1979). In addition to other deceptive acts, appellant's petition alleges misrepresentation of the type described in § 17.46(b)(12): "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law...." Furthermore, the petition describes facts to indicate ABC was a consumer adversely affected by defendants' misrepresentations. Thus ABC sufficiently alleges a cause of action under § 17.50.

■ Appellees argue that plaintiff failed to make its claim because ABC did not offer the petition into evidence nor ask that the judge take judicial notice of it. In *Moore v. White,* 587 S.W.2d 549, 550 (Tex.Civ.App.—Dallas 1979, no writ), *overruled on other grounds, Legal Security Life Insurance Co. v. Trevino,* 605 S.W.2d 857 (Tex.1980), the court answered the same argument by quoting:

> When the nature of the suit is a venue fact, the petition is the best and sufficient evidence of the "principal right asserted and the relief sought for the breach thereof." It need not be introduced formally into evidence, for the court will take judicial notice of its contents.

1 R. McDONALD, TEXAS CIVIL PRACTICE § 4.55, at 611–12 (rev. 1965). *See also Lee Towing Co., Inc. v. Industrial Cast-*

*ing Co., Inc.,* 596 S.W.2d 580, 582 (Tex.Civ. App.—Beaumont 1980, no writ).

Appellees also contend the DTPA is not applicable to county mutual insurance companies. In interpreting the 1973 version of TEX.INS.CODE ANN. art. 17.22 (Vernon 1981) (amended 1981), the version applicable in this case, the court in *Mobile County Mutual Insurance Co. v. Jewell,* 555 S.W.2d 903, 910 (Tex.Civ.App.—El Paso 1977), *writ ref'd n.r.e. per curiam,* 566 S.W.2d 295 (Tex. 1978), said the Legislature did not intend to subject county mutuals to the DTPA "through the insurance laws." However, this does not indicate whether or not the DTPA is directly applicable. In *Barrera v. Farmer's Texas County Mutual Insurance Co.,* 643 S.W.2d 444 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.), the appellant argued that although the Insurance Code exempted county mutuals from certain insurance laws, he still had a viable cause of action under the 1977 version of DTPA § 17.46(a). The court decided against appellant, but its reasoning dealt only with the inapplicability of INS.CODE art. 21.21.

■ In *Ranger County Mutual Insurance Co. v. Guinn,* 608 S.W.2d 730, 733 (Tex.Civ. App.—Tyler 1980, writ dism'd), the court found it unnecessary to decide whether INS.CODE art. 21.21 exempted a county mutual from violations made a cause of action under DTPA § 17.50(a)(4) because the plaintiffs properly alleged a cause of action under other provisions of the DTPA. In the case now before us, appellant likewise alleges a claim under other provisions of the DTPA, not under the Insurance Code. Hence, INS.CODE art. 17.22's exemption for county mutuals is inapplicable here.

In counterpoint three, appellees assert that no or insufficient evidence exists to prove appellant was the lawful successor to Stewart & Stevenson, namely that the vehicle involved in the accident and the insurance claim arising therefrom were transferred to ABC. Appellees say the testimony on this issue by ABC officers at the plea of privilege hearing was merely hearsay and opinion evidence.

Appellees cite two cases to support their view that ABC must prove itself a successor at the venue stage. In both cases, the applicable venue provision required proof of the disputed fact. In *Brough v. West Texas Appliance Co.,* 342 S.W.2d 200 (Tex.Civ. App.—San Antonio 1961, no writ), plaintiff under TEX.REV.CIV.STAT.ANN. art. 1995, §§ 5 and 29a had to introduce evidence that one defendant was the partner of the defendant who signed the promissory notes in question. In *Harvey v. Bain,* 140 Tex. 375, 168 S.W.2d 234, 237 (1943), plaintiff needed to prove that a party who did not sign a written contract actually accepted that contract in order to make venue proper under art. 1995 § 5 for written contracts.

■ It is well established, however, that under the DTPA venue provision, TEX. BUS. & COM.CODE ANN. § 17.56, a plaintiff need only allege a cause of action under DTPA § 17.50, not prove that cause of action. *Hodges v. Casey,* 646 S.W.2d 175, 177 (Tex.1983).

Of course, courts may examine the pleadings to see if the nature of the claim comes under the DTPA. *Balas v. First Bank in Groveton,* 623 S.W.2d 666, 668 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ). In *Balas,* the plaintiffs failed to state a DTPA claim because no deceptive acts surrounding the relevant transactions were alleged and the mechanic's lien note in question did not by its terms impose an obligation upon the defendant bank.

Courts will generally make a broad and liberal construction of plaintiff's allegations under the DTPA. *See, e.g., Otto, Inc. v. Cotton Salvage & Sales, Inc.,* 609 S.W.2d 590, 595 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd). For example, in *Legal Security Life Insurance Co. v. Trevino,* 594 S.W.2d 481 (Tex.Civ.App.—San Antonio 1979), *writ ref'd n.r.e.,* 605 S.W.2d 857 (Tex. 1980), the court held plaintiffs, at the venue stage in a DTPA action need only allege, not prove, an individual was in the course and scope of his employment for the defendant insurer.

Here, appellant's pleadings assert facts under all the elements of DTPA cause of action. No evidence at the plea of privilege conclusively refuted appellant's allegations. We overrule appellees' counterpoints two and three.

The judgment is reversed, and judgment is here rendered overruling appellees' plea of privilege.