**TIME HOUSING CORPORATION,**
Appellant,

v.

**Jose NUNEZ, et ux., Appellees.**

**No. 04–83–00001–CV.**

Court of Appeals of Texas,
San Antonio.

May 16, 1984.

---

Kenneth Oden, Jr., Perkins, Oden, War-burton, McNeill & Adami, Alice, for appellant.

Thomas M. Schumacher, Hector Gonzalez Law Offices, Corpus Christi, for appellees.

Before BUTTS, CANTU and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is a venue case. Plaintiffs, Jose and Irma Nunez, sued Time Housing Corporation and other defendants for personal injuries and for violations of the Texas Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.41 *et seq.* (Vernon Supp.1982–1983),[1] and the Texas Consumer Credit Code, TEX.REV.CIV.STAT.ANN. art. 5069–2.01 *et seq.* (Vernon 1971 and Vernon Supp.1982–1983). Only Time Housing brings this appeal. Plaintiffs instituted suit in Jim Wells County. Defendant Time Housing filed its plea of privilege requesting the case be transferred to Harris County, the corporation's place of residence. Plaintiffs asserted in their controverting affidavit that venue was proper under section 17.56 of the DTPA. The trial court found venue to be proper in the county of suit and overruled the plea of privilege. We affirm.

Plaintiffs and defendant entered into a contract, whereby plaintiffs purchased a mobile home on credit terms in Nueces County, and defendant delivered the mobile home to plaintiffs' lot in Alice. Subsequent to filing the suit, the purchasers were divorced, and the wife was awarded the mobile home as part of the divorce settlement. A chronology of pertinent events follows:

August 18, 1977—plaintiffs purchase a mobile home from defendant in Corpus Christi.

August 25, 1977 (on or about)—defendant delivers the mobile home to plaintiffs in Alice.

May 28, 1980—plaintiffs file their original petition.

June 27, 1980—defendant files its plea of privilege.

July 11, 1980—plaintiffs file a controverting affidavit.

October 8, 1982—plaintiffs file their first amended original petition.

Defendant raises three points of error involving a single contention: venue is improper in Jim Wells County. We have before this court only plaintiffs' controverting affidavit which seeks to maintain venue under section 17.56 of the DTPA. Our transcript does not contain plaintiffs' first amended controverting affidavit which purportedly also argues the propriety of venue under subdivision 23 of article 1995. Since that contention is not before the court, we will not consider point of error three which addresses that venue statute. TEX.REV. CIV.STAT.ANN. art. 1995, § 23 (Vernon 1964).

This cause of action arose in August, 1977, but the suit was not filed until May 28, 1980. *See* § 17.56A, which provides for two year limitation now. While the general rule is that venue will be governed by the law in effect at the time of the institution of the suit, *e.g., Big Rock Properties, Inc. v. King,* 613 S.W.2d 804, 805 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ), some Texas courts have applied the 1977 [2]

---

1. Unless otherwise noted, all statutory references will be to the Texas Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.41 *et seq.* (Vernon Supp.1982–1983), hereinafter referred to as the DTPA.

2. The 1977 version of § 17.56 reads:
   An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought

venue provision when the cause of action accrued prior to the enactment of the 1979 [3] provision. *ABC Truck Rental & Leasing Co. v. Southern County Mutual Insurance Co.*, 662 S.W.2d 132, 135 (Tex. App.—San Antonio 1983, no writ); *Ferrara v. Corinth Joint Venture*, 611 S.W.2d 669 (Tex.Civ.App.—Eastland 1980, no writ); *see generally* Curry, *The 1979 Amendments to the Deceptive Trace Practices Consumer Protection Act*, 32 BAYLOR L.REV. 51, 78–79 (1980); Patton, *Case Law Under the Texas Deceptive Trade Practices—Consumer Protection Act*, 33 BAYLOR L.REV. 533, 575–76 (1981).

No discussion or dispute occurred at the venue hearing in this case concerning the applicability of either the 1977 or 1979 statute. *See e.g., FDI Investment Corp. and C & W Manhattan Associates v. S.S.G. Investments*, 663 S.W.2d 135 (Tex.App.—Fort Worth 1983, no writ). Nor does defendant argue this on appeal. We believe it is apparent that the court and parties proceeded under the 1977 statutes, and that is not a question on appeal. Nor does defendant argue that no cause of action was pled under the Deceptive Trade Practices Act or that plaintiffs failed to plead specifically section 17.56 in their controverting plea. *See Hodges v. Casey*, 646 S.W.2d 175, 177 (Tex.1983). Thus, the only question before this Court is whether the required proof of the venue fact was made. There are two requirements under the 1977 and the 1979 venue statutes. The first requirement under both statutes is that plaintiffs must allege a cause of action under section 17.50 of the DTPA. *ABC Truck Rental & Leasing, supra* at 135; *Ferrara v. Corinth, supra* at 670; *T.P. Walsh Co. v. Manning*, 609 S.W.2d 636, 638 (Tex.Civ.App.—Tyler 1980, no writ);

*Pettit v. England*, 583 S.W.2d 875, 877 (Tex.Civ.App.—Dallas 1979, no writ).

The second requirement is slightly different in the 1977 and 1979 venue statutes. Whereas under the 1977 statute, plaintiffs must show that defendants had done business in Jim Wells County, the 1979 statute, if it applied here, contains an expanded description of conduct that establishes venue. Any of the following may provide the basis to allow suit to be filed in that county: (1) the defendant's residence, (2) the county in which the defendant's principal place of business is located, (3) the county in which the defendant has a fixed place of business at the time suit is brought, (4) *the county in which the alleged act or practice occurred,* or (5) the county in which the defendant, or an authorized agent of the defendant, solicited the transaction made the subject of the suit. (Emphasis ours). Curry, *supra* at 78. 27 P. KENS & S. COCHRAN, TEXAS PRACTICE, *Consumer Rights and Remedies* § 28 (1983).

In their First Amended Original Petition the plaintiffs allege a cause of action under section 17.50 of the DTPA:

The transaction described above is subject to the provisions of the DTPA, TEX. BUS. & COM.CODE ANN. Section 17.41 *et seq.* During the course of the transaction, the defendants violated the DTPA in many respects, including but not limited to, the following:

A. The representations, acts and practices of the defendants were false, misleading and deceptive, in violation of Section 17.46(a) of the DTPA.

B. The defendants represented that the goods and services to be provided by them had characteristics, ingredients, uses and benefits that they did not have, in violation of Section 17.46(b)(5) of the DTPA.

---

resides, has his principal place of business, or *has done business.* (Emphasis ours).

3. The 1979 version of § 17.56 reads:
An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or

has a fixed and established place of business at the time the suit is brought or *in the county in which the alleged act or practice occurred* or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar. (Emphasis ours).

C. The defendants represented that the goods and services were of a particular standard, quality or grade when they were of another, in violation of Section 17.46(b)(7) of the DTPA.

D. The defendants represented that the agreement between the parties involved rights, remedies and obligations which it did not have, in violation of Section 17.46(b)(12) of the DTPA.

E. The defendants represented that the agreement between the parties involved rights, remedies and obligations which were prohibited by law, in violation of Section 17.46(b)(12) of the DTPA.

F. The defendants represented that guaranties [sic] or warranties involved rights or remedies which they did not have, in violation of Section 17.46(b)(12) of the DTPA.

G. The defendant failed to disclose information concerning the goods and services which was known to them at the time of the transaction, in violation of Section 17.46(b)(23) of the DTPA.

H. *The defendants engaged in unconscionable conduct towards the Plaintiffs, in violation of Section 17.-50(a)(3) of the DTPA.* (Emphasis ours.)

Plaintiffs also demonstrated the second requirement to establish venue: that defendant "had done business" in Jim Wells County under the 1977 statute. We also believe that Jim Wells County would be "the county in which the alleged act or practice occurred" under the 1979 statute, if it applied in this case. At issue is whether delivery and anchoring of a mobile home in Jim Wells County satisfied the venue fact: "has done business."

The only witness who testified at the plea of privilege hearing was the wife; her testimony is uncontroverted. The transaction made the basis of the complaint commenced with the purchase of the mobile home in Nueces County and continued with its delivery and anchoring in Jim Wells County. Among her complaints against defendant was that her mobile home was not anchored properly; accordingly, the doors would not shut properly; the windows

leaked; floors corroded from the leaking windows. On each occasion of the complaints she was told by the defendant the matters would be fixed, but, in fact, defendant never sent anybody to repair or examine the mobile home.

Black's Law Dictionary defines transaction:

Something which has taken place, where a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other ...

BLACK'S LAW DICTIONARY 1341 (rev. 5th ed. 1979).

The cause of action arose from the transaction of which plaintiffs complained. In *Legal Security Life Insurance Co. v. Trevino*, 605 S.W.2d 857 (Tex.1980), the Texas Supreme Court held that a single transaction that serves as the basis of the suit is sufficient to sustain venue. *See Legal Security Life Insurance Co. v. Trevino*, 594 S.W.2d 481 (Tex.Civ.App.—San Antonio), *affd.*, 605 S.W.2d 857 (Tex.1980). We hold that, being a necessary part of the sales transaction, the delivery and anchoring of the mobile home is the equivalent of "has done business" under the 1977 venue statute. If this were an action brought under the 1979 statute, it would be an "alleged act or practice" under that venue statute. Accordingly, we find venue to be proper in Jim Wells County and affirm the judgment.

CANTU, Justice, dissenting.

I dissent to the venue disposition made by the majority and would reach a contrary result based upon the following.

Plaintiffs' original petition filed on May 28, 1980, consisted of four paragraphs including prayer for relief. In an oversimplified manner, it alleged:

"Plaintiff's [sic] Jose Nunez and wife, Irma Nunez, bring this lawsuit against General Electric Credit Corporation and Time Housing Corporation, Defendants, for violation of the Texas Rev.Civ.Stat.Ann.

# 5069–6.01, et seq. and Sections 17.46 et seq. of the Texas Bus. & Comm.Code."

The paragraph which purported to allege a cause of action recites:

On or about August 18, 1977, Plaintiff's [sic] consummated a retail installment transaction consisting of a credit purchase of a mobile home which was sold by Defendant, Time Housing Corporation, and financed by Defendant, General Electric Credit Corporation. In this transaction, there were numerous violations of Art. 5069 et seq. and Art. 17.46 et seq. for which Plaintiff's [sic] now sue for statutory penalties, actual damages, and attorney's fees all in excess of the jurisdictional amount of this Court.

On June 30, 1980, defendant Time Housing Corporation (Time) filed its plea of privilege seeking to have the cause transferred to Harris County, its place of residence. Defendant Time also filed its special exception to the plaintiffs' original petition alleging plaintiffs' petition failed to give notice of the particular claims relied upon for recovery.

Plaintiffs' controverting affidavit, filed on July 11, 1980, alleges that their claim for relief arises under the provisions of TEX.BUS. & COM.CODE ANN. §§ 17.46 *et seq.* (Vernon Supp.1984), that the cause of action arises from deceptive acts and practices of the defendants in Jim Wells County, Texas, and that venue is proper in Jim Wells County under TEX.BUS. & COM. CODE ANN. § 17.56 (Vernon Supp.1984) because *the deceptive acts and practices occurred in the county of suit.*

Not until October 8, 1982, did plaintiffs file their first amended original petition. This petition, upon which the venue issue was decided, alleges a cause of action for personal injuries arising from defective design and manufacture of the mobile home and seeks recovery under a theory of strict liability specifically naming RESTATEMENT (SECOND) TORTS § 402A (1965).

Alternatively, plaintiffs seek to recover under common law negligence for personal injuries.

The next paragraph seeks punitive damages for gross negligence in causing personal injuries.

Further, pleading in the alternative, plaintiffs alleged in the following paragraph:

Plaintiffs would also show that the defendants, through their statements, advertising and sales literature, *represented* to Plaintiffs that the mobile home would be free from defects in materials and workmanship and would be safe and comfortable to live in. After moving into and living in the mobile home, Plaintiffs discovered that *these representations* were false. (Emphasis mine.)

Then follows an allegation that the foregoing transaction is subject to the provisions of the Texas Deceptive Trade Practices Act (DTPA) and a laundry list of selected acts condemned under section 17.-46 as well as the unconscionable cause of action under section 17.50(a)(3).

There is no allegation that any of the acts enumerated occurred in Jim Wells County or that they occurred outside the scope of the representations inducing the purchase of the mobile home.

A final paragraph invokes the penalty provision of section 8.01 of the TEX.REV. CIV.STAT.ANN. art. 5069–2.01 *et seq.*

Significantly, there is no allegation in any instrument before the court that plaintiffs' DTPA cause of action involves anything other than misrepresentations about the quality of the mobile home inducing the purchase. The first and sole mention of dissatisfaction regarding the delivery and installation of the mobile home occurred at the venue hearing where plaintiffs were bound to prove that defendant has done business in the county of suit.

The majority opinion unnecessarily attempts to demonstrate that venue was properly invoked under the 1977 or the 1979 version of TEX.BUS. & COM.CODE ANN. § 17.56 (Vernon Supp.1984) and proceeds to point out how plaintiffs have, in any event, satisfied the requirements of either.

Only recently, both members of the majority advocated a position precluding the need to consider but one statute. *See ABC Truck Rental & Leasing Co. v. Southern County Mutual Insurance Co.*, 662 S.W.2d 132, 135 (Tex.App.—San Antonio 1983, no writ) opinion authored by Justice Dial and joined in by Justice Butts.

Under the circumstances, and conceding the opinion to be correctly decided, only the applicability of the 1977 version of section 17.56 is pertinent. *See also Gable v. Wood*, 622 S.W.2d 884, 885 (Tex.App.—Fort Worth 1981, writ dism'd). Thus, it is immaterial whether plaintiffs proved the lesser burden of showing that the alleged act or practice occurred in the county of suit. *See* TEX.BUS. & COM.CODE ANN. § 17.-56 (Vernon Supp.1984). Even so, plaintiffs' burden would have required a showing that the *alleged* act or practice [as opposed to transaction] occurred in Jim Wells County and not some other act or practice *not alleged* in the petition.

The 1977 version of section 17.56 mandates a showing that defendant has done business in Jim Wells County in order to sustain venue there.

The majority concludes that plaintiffs have met their burden by showing that they have other complaints about the transaction in question not plead in their petition. They find solace in the fact that plaintiffs' testimony about an immaterial fact is uncontroverted.

Much ado is also made about the newly voiced complaints made at the hearing on venue for the first time. Although they were not required to prove a cause of action against defendant, plaintiffs were required to allege a cause of action under section 17.50 and to prove the venue fact. *Pettit v. England*, 583 S.W.2d 875, 876 (Tex.Civ.App.—Dallas 1979, no writ). I can not agree that immaterial testimony, even if uncontroverted, can assume the stature of the necessary proof.

Singular reliance is placed upon the holding in *Legal Security Life Insurance Co. v. Trevino*, 605 S.W.2d 857 (Tex.1980) for the proposition that delivery and anchoring of a mobile home constitutes part of the transaction of which plaintiffs complained for purposes of establishing the required venue proof.

*Legal Security Life Insurance Co. v. Trevino, supra,* is a per curiam decision finding no reversible error in the intermediate appellate court's opinion reported at 594 S.W.2d 481. When read in the context in which it was intended, it is clear that the Supreme Court was approving a holding that a defendant had "done business" in the county of suit where the proof showed that he had at least once solicited business in the county of suit and that the solicitation was accomplished through alleged misrepresentations constituting the basis of the suit plead. The manner of delivery and anchoring of the mobile home is not the basis of the present suit so as to constitute the venue fact necessary to show that defendant has done business in Jim Wells County. It is merely incident to a transaction occurring entirely in Nueces County and an expedient device by which plaintiffs now seek to fulfill their burden of proving that defendants have "done business" in Jim Wells County.

I find little difference between the facts of the instant case and the facts in *Carter v. Suniland Furniture Co.*, 596 S.W.2d 596 (Tex.Civ.App.—Beaumont 1980, no writ), which I believe to be correctly decided. *See also Herfort v. Hargrove*, 606 S.W.2d 359 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

The recent case of *FDI Investment Corp. and C & W Manhattan Associates v. S.S.G. Investments*, 663 S.W.2d 135 (Tex.App.—Fort Worth 1983, no writ) at first blush appears to support the majority's position. However, a reading of that opinion reveals incorrect interpretation of case law. The opinion credits this Court, in *Legal Security Life Insurance Co. v. Trevino*, 594 S.W.2d 481 (Tex.Civ.App.—San Antonio 1979), *writ ref'd n.r.e.*, 605 S.W.2d 857 (Tex.1980), with holding that "one sin-

gle act of *doing*[1] business *if it was related to the transaction in litigation,* was sufficient to prove venue under the 1977 amendment to section 17.56." (Emphasis mine.) No such language can be found in *Trevino.* Although the opinion claims that the Supreme Court agreed with the language of the Appeals Court, the short per curiam opinion fails to bear it out as well.

What both courts held, and correctly so, is that a defendant has "done business" where the venue fact proved is the single *transaction* which is the *basis of the suit.*[2] But "basis of the suit" is not and cannot equate with "subject matter of the suit" as the opinion holds.

I believe that "basis of the suit" was meant to equate with "nature of the cause of action" and that a plaintiff must show, in order to prove up the venue fact, one single statutory violation under the DTPA giving rise to a cause of action relied upon in the pleadings.

An act related to the subject matter of the suit covers a multitude of conduct which need not have a thing to do with the basis of the suit or the nature of the cause of action.

If proof of any act related to the subject matter of the suit constitutes proof of the venue fact under section 17.56, then the proof required need have no relevance to the suit as plead nor need it have anything to do with having "done business."

Of course, as recognized in *FDI Investment Corp., supra,* proof that a defendant has done business in the county of suit which is not related to the transaction in question, is sufficient to satisfy the venue proof under section 17.56. But no such proof is relied upon nor does it exist in the instant case.

Relatively few cases have addressed the phrase "basis of the suit." *See Howze v.*

*Surety Corp. of America,* 564 S.W.2d 834 (Tex.Civ.App.—Austin 1978), *rev'd on other grounds,* 584 S.W.2d 263 (Tex.1979) (recognizing that the basis for suit in a DTPA case was misrepresentations made in the course of a mobile home purchase); *Nattrass v. Rosenthal & Co.,* 641 S.W.2d 675 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) (basis of the suit was a broker's failure to follow the customer's instructions); *see also Naples Builders Supply Co. v. Clutter Construction Corp.,* 152 So.2d 478 (Fla.Dist.Ct.App.1963) ("nature of the cause" refers to cause of action cognizable under the law).

If the Supreme Court had meant what the Court in *FDI Investment Corp.* claims it meant, it could have easily said so in *Trevino.*

I would hold that plaintiffs have failed to establish venue in Jim Wells County under section 17.56 and reverse the judgment of the trial court with instructions to transfer the case to defendant's county of residence.

---

1. The Court in *Trevino* was concerned with the 1977 version of § 17.56 which required a showing that a defendant "has done business" rather than a showing that he was "doing business" as required under the original enactment. 594 S.W.2d at 483.

2. In *Trevino,* the petition alleged various statutory violations including solicitation of an insurance policy through misrepresentations. The venue facts proved showed that the agent for defendant was licensed to solicit for defendant and that it did solicit and promise immediate coverage but failed to issue a policy.