**LEGAL SECURITY LIFE INSURANCE COMPANY, Petitioner,**

v.

**Teresa F. TREVINO et vir., Respondents.**

**No. B–9198.**

Supreme Court of Texas.

July 30, 1980.

Rehearing Denied Sept. 24, 1980.

Turner, Hitchins, McInerney, Webb & Hartnett, John W. Hicks, Jr. and Allen W. Kimbrough, Dallas, for petitioner.

Grady L. Roberts, Jr. and John W. Gilboux, Pearsall, for respondents.

PER CURIAM.

This case involves an appeal from a plea of privilege in a suit brought under the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com.Code Ann., § 17.01, et seq. The decision of the court of civil appeals conflicts with the decision in *Moore v. White*, 587 S.W.2d 549 (Tex.Civ. App.—Dallas 1979, no writ), giving this Court jurisdiction pursuant to Tex.Rev.Civ. Stat.Ann. art. 1728(2).

Conflict with *Moore v. White* was not alleged in petitioner's original application for writ of error, and the application for writ of error was dismissed for want of jurisdiction. *John Farrell Lumber Co. v. Wood*, 400 S.W.2d 307 (Tex. 1966). Petitioner has raised the conflict in its motion for rehearing. Consequently, the prior order dismissing the application for writ of error is withdrawn, and the motion for rehearing is granted.

The court of civil appeals held herein that in a suit under the Deceptive Trade Practices-Consumer Protection Act venue is proper pursuant to Section 17.56, as amended in 1977, in a county in which the defendant "has done business" where the venue fact proved is the single transaction which is the basis of the suit. We agree.

Accordingly, the application for writ of error is refused, no reversible error.