# John HERFORT, d/b/a Herfort Diamond Ring Factory, Appellant,

## v.

# R. Clyde HARGROVE, Jr., Appellee.

## No. 13162.

Court of Civil Appeals of Texas, Austin.

Oct. 8, 1980.

Rehearing Denied Oct. 22, 1980.

Logene L. Foster, Foster, Pope & Orsak, Sugar Land, for appellant.

Tommy Jacks, Doggett & Jacks, Austin, for appellee.

PHILLIPS, Chief Justice.

The sole question before us is whether the appellant "had done business" in Travis County within the meaning of the Special Venue Statute, Tex.Bus. & Comm.Code Ann. § 17.56,[1] 1977 Tex.Gen.Laws, Ch. 216, § 6 at 604.

The facts are undisputed. Appellant, the only witness that testified, stated that he lived and had a place of business in Fort Bend County; that he owned one store in Rosenberg from which he sold jewelry and diamonds; and sales were made through this one store. He further testified that he had no salesmen, that he did not advertise in any trade journals, or any telephone books in Travis County. He testified that he would send receipts to people in Travis County if they made payments on any goods purchased in his store, and that he had sent some of these receipts to people who reside in Travis County, Texas, however, that the receipts had been sent after

1. The 66th Legislature has subsequently amended the Act doing away with the "has done business" provision. This amendment was effective August 27, 1979. See Tex.Bus. & Comm.Code Ann. § 17.56, 1979 Tex.Gen.Laws, Ch. 603, § 7, at 1332.

all negotiations and sales had been made in Rosenberg, Fort Bend County.

Appellee who had bought certain diamonds from appellant, which diamonds are allegedly inferior to the quality that they had been represented to be, has brought suit against appellant in violation of the Deceptive Trade Practices Act. Appellee actually resides in Brazos County (Bryan).[2] However, he maintains that venue has correctly been laid in Travis County because appellant has sold diamonds to Travis County residents on a continuous basis for the past several years and has routinely mailed to Travis County residents their purchasers receipts. The receipts contain appellant's "logo" with a slogan "Factory Prices on Diamonds." Appellee claims that venue in Travis County is correctly placed even though the Travis County residents went to appellant's store in Fort Bend County, purchased the merchandise there and paid for it there.

The trial court overruled appellant's plea of privilege and held that venue lay in Travis County. We reverse the judgment and remand the case for trial in Fort Bend County.

Section 17.56 of the Deceptive Trade Practices at the time of the transaction read:

"An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, *or has done business.*" (Emphasis added.)

The Deceptive Trade Practices—Consumer Protection Act does not set forth any standard for the determination of those acts which prove that a party has "done business" within the meaning of the statute.

Appellee cites us to *Dairyland County Mut. Ins. Co. v. Harrison,* 578 S.W.2d 186 (Tex.Civ.App.1979, *no writ*), where the court held that advertising in the yellow

pages of the telephone directory was tantamount to doing business in the county where the advertising appeared. We note, however, that the ad in *Dairyland* contained the word "AGENTS" followed by a list of nine insurance agencies, which have addresses in Harris County.

The receipt in question is nothing more than evidence of business culminated in Fort Bend County and the logo on the receipt is nothing more than a reminder to people with whom appellant has already dealt that appellant is still doing business in Fort Bend County.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter an order transferring the cause to Fort Bend County.

SHANNON, Justice, dissenting.

This is an appeal from an order overruling appellant's plea of privilege and pertains to Tex.Bus. & Comm.Code Ann. § 17.56 (1977). Section 17.56 fixes venue for causes filed pursuant to the Deceptive Trade Practices Consumer Protection Act.

Appellee, R. Clyde Hargrove, Jr., sued appellant, John Herfort, doing business as Herfort Diamond Ring Factory, in the district court of Travis County alleging deceptive and unconscionable conduct by appellant in the sale of diamonds to appellee in violation of §§ 17.46 and 17.45(5).

Appellant filed a plea of privilege praying that the cause be transferred to Fort Bend County, the county of his residence. In response to the plea, appellee filed a controverting plea asserting that appellant "had done business" in Travis County within the meaning of § 17.56. After a bench trial, the district court entered judgment overruling appellant's plea of privilege.

Appellee filed suit on March 26, 1979. At that time, § 17.56 provided:

"An action brought which alleges a claim to relief under Section 17.50 of this sub—

2. Inasmuch as we find that appellant has not "done business" in Travis County, we do not reach the question of whether appellee, a resi-

dent of Brazos County, can bring suit in Travis County.

chapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business or *has done business.*" (Emphasis added).

Appellant claims that the district court erred in concluding that appellant "had done business" in Travis County within the meaning of § 17.56 because there was no evidence or, alternatively, insufficient evidence to support that conclusion.

Appellee does not claim that the venue fact proved is the transaction which is the basis of the suit. In such a case, the defendant "has done business" within the meaning of § 17.56, as amended in 1977. *Legal Security Life Insurance Company v. Trevino, et vir,* 605 S.W.2d 857, 23 Tex. Sup.Ct.J. 577 (Tex.1980), affirming 594 S.W.2d 481 (Tex.Civ.App.)

To fix venue in Travis County appellant, instead, relies upon the following venue facts: for some years appellant has sold jewelry to Travis County residents who have come to his store in Fort Bend County; some such sales were on credit and appellant sent billings and receipts to customers in Travis County; the receipts sent to credit customers bore appellant's "logo" and the slogan "Factory Prices on Diamonds"; and appellant considers his "factory prices" to be one of the selling points of his business.

By advertising for the purpose of soliciting business within a county, one may "do business" in that county within the meaning of § 17.56, as amended in 1977. *Dairyland County Mut. Ins. Co. v. Harrison,* 578 S.W.2d 186 (Tex.Civ.App.1979, no writ). It occurs to me that the inclusion of an advertising slogan in receipts sent to credit customers in Travis County is an effort, however modest, by appellant to promote future sales. As suggested by appellee, solicitation of "repeat business" is a marketing technique now commonly employed.

I would hold that appellant, by soliciting repeat business in Travis County from his credit customers, "has done business" in Travis County within § 17.56, as amended in 1977, and, accordingly, that the district court properly overruled the plea of privilege.