FDI INVESTMENT CORP. and C & W Manhattan Associates, Appellants,

v.

S.S.G. INVESTMENTS, a Partnership, Appellees.

No. 2–83–120–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 22, 1983.

**136** 

Foreman & Dyess, Darrel E. Reed, Jr., and Laurie L. Blazek, Houston, for appellants.

Ungerman, Hill, Angrist, Dolginoff & Vickers and R.C. Holloway, Fort Worth, for appellees.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

JORDAN, Justice.

This is a venue case in which the trial court overruled a plea of privilege filed by C & W Manhattan Associates to be sued in Harris County, Texas, its county of residence.

The appeal is on two points of error.

We affirm.

On July 21, 1978, appellant, C & W Manhattan Associates (C & W) sold a K-Mart store located in Dallas County, Texas to F.D.I. Investments Corporation. On the same date, F.D.I. Investments sold this store to appellee, S.S.G. Investments (S.S.G.). On July 9, 1981, S.S.G. filed suit against C & W and F.D.I. Investments, alleging that the parking lot of the K-Mart and surrounding areas had not been constructed in accordance with the plans and specifications and that it was not constructed in a good and workmanlike manner. S.S.G. in this suit also alleged that it had suffered damages as a result of breach of contract, breach of warranty, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), as amended in 1977. TEX.BUS. & COM.CODE ANN. sec. 17.56 (Vernon Supp.1982–1983).

C & W filed its plea of privilege claiming venue in Harris County under section 17.56 of the DTPA as amended in 1979, and S.S.G. filed its controverting plea, maintaining that venue was proper in Tarrant County under section 17.56 of the Act as amended in 1977, because the transaction which was the subject of suit occurred prior to the 1979 amendment. At the hearing on the plea of privilege, appellee S.S.G. introduced evidence purporting to show that for some period of time C & W had done business in Tarrant County and that accordingly venue was proper in Tarrant County. The trial court overruled appellant's plea of privilege.

By two points of error appellant contends that the trial court erroneously applied the 1977 amendment to section 17.56, the venue portion of the DTPA, instead of the 1979 amendment, and that even if the 1977 amendment controlled this case, there was no evidence that C & W had "done business" in Tarrant County as required by the 1977 amendment.

The DTPA as amended in 1977 became effective May 23, 1977, and the 1979 amendment became effective August 27, 1979. S.S.G.'s original petition was filed July 9, 1981, after the effective date of the 1979 Act. The petition alleged a cause of action under the DTPA which arose in July of 1978, after the effective date of the 1977 amendments, but before the effective date of the 1979 amendment.

The 1977 amendment to section 17.56 of the Act provided:

> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, *or has done business.* (Emphasis added.)

After the 1979 amendments, sec. 17.56 read as follows:

An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

Appellant argues, correctly, that ordinarily the venue of a cause of action under the DTPA is controlled by the law in effect at the time of institution of the suit. Several cases are cited for this general proposition and we have no quarrel with them. Appellant then concludes that the 1979 amendment to section 17.56 is applicable here because it was in effect at the time appellant's suit was filed in July of 1981. However, the 1979 amendments to the DTPA contained a savings or "prospective application only" provision. The Deceptive Trade Practices Act, ch. 603, sec. 9, 1979, Tex.Gen. Laws 1327, which contains the 1979 amendments to the DTPA provides:

This Act shall be applied prospectively only. Nothing in this Act affects either procedurally or substantively a cause of action that arose either in whole or in part prior to the effective date of this Act.

■ There is no question here that S.S. G.'s cause of action arose in 1978, prior to the effective date of the 1979 amendment to section 17.56. Therefore, under the plain language of the above quoted savings clause, we think it is beyond dispute that the 1979 amended version of section 17.56 does not apply to this case.

■ We have been cited to two cases where the issue has been raised, in both of which the courts held that because of the prospective nature of the 1979 amendment, that amendment does not apply to causes of action which arose prior to the effective date of that amendment. *See Ferrara v. Corinth Joint Venture,* 611 S.W.2d 669 (Tex. Civ.App.—Eastland 1980, no writ) and *U.S. Steel Corp. v. Fiberglass Specialties,* 638 S.W.2d 950 (Tex.App.—Tyler 1982, no writ). In the last cited case the court said:

Fiberglass first contends that venue is proper in Rusk County by virtue of Section 17.56 of the DTPA. This section was amended in both 1977 and 1979. The 1977 amendment became effective May 23, 1977, and the 1979 amendment on August 27, 1979. The alleged acts or practice upon which the instant suit is based occurred during the period from January to July of 1979. Plaintiff's original petition was filed on October 3, 1979. By virtue of the prospective nature of the 1979 amendments, the general rule that venue is controlled by the venue provision in effect at the time the suit is filed does not apply to DTPA suits filed after the effective date of the 1979 amendments but which are based on a cause of action accruing prior to the effective date of such amendments. Therefore, the 1977 amendments of DTPA govern this case.

We hold, therefore, that the 1977 amended version of section 17.56 applies to this case and that appellee S.S.G. had only to show that C & W "had done business" in Tarrant County in order to maintain venue in Tarrant County. C & W's first point of error is overruled.

This brings us to the next and final question, raised in C & W's second point of error, as to whether or not the evidence in this case showed that appellant "had done business" in Tarrant County.

■ Appellant's position is that even if the 1977 amendment to section 17.56 is applicable here, venue still does not lie in Tarrant County because S.S.G. failed to prove that C & W had done business in Tarrant County. Appellant argues that the evidence relied on by S.S.G. to show that C & W had done business in Tarrant County referred to extraneous transactions, in no way related to the transaction made the basis of this suit. C & W, in effect, is saying that the phrase "has done business" means that the business done by it in Tar-

rant County must be related to the sale of the K-Mart store in Dallas. We do not so interpret this language of the 1977 version of the statute.

At the plea of privilege hearing, S.S.G. introduced its Exhibit 2 which consisted of approximately fifty-four pages of copies of documents on file in the Tarrant County Clerk's office reflecting deeds, deeds of trust, real estate leases, construction contracts, and other documents related to the purchase, construction, and leasing of a K-Mart store by C & W in Fort Worth during 1978–1979. Appellee's Exhibit 3 contained approximately forty-two pages of copies of documents on file in the Tarrant County Clerk's office reflecting deeds, deeds of trust, real estate leases, construction contracts, and other documents related to the purchase, construction, and leasing of another K-Mart store in Fort Worth. Exhibit 4 consisted of approximately eighteen pages of copies of the Certificate of Limited Partnership, as amended, as filed with the Secretary of State of Texas, filed in the Tarrant County Clerk's office September 30, 1977. There was also testimony regarding further records in Tarrant County showing additional business transacted by C & W in Tarrant County between 1970 and 1982. This evidence, relating to many transactions, none of which was the July, 1978 purchase of the Dallas K-Mart store, is an abundance of proof that S.S.G. "had done business" in Tarrant County. We note also that C & W, in answer to a request for admission, although it qualified its answer, admitted that it "had done business" in Tarrant County.

Appellant places great store in two cases, *Herfort v. Hargrove*, 606 S.W.2d 359 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.) and *Legal Sec. Life Ins. Co. v. Trevino*, 594 S.W.2d 481 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.), 605 S.W.2d 857 (Tex. 1980), to support his argument that there was no evidence that C & W had done business in Tarrant County. We think its faith in these two cases is misplaced and erroneous. In *Trevino*, the Court of Civil Appeals held, and the Supreme Court agreed in a short per curiam opinion, re-

fusing writ of error, n.r.e., that one single act of doing business, if it was related to the transaction in litigation, was sufficient to prove venue under the 1977 amendment to section 17.56. The Supreme Court, in its per curiam opinion, said:

> The court of civil appeals held herein that in a suit under the Deceptive Trade Practices-Consumer Protection Act venue is proper pursuant to Section 17.56, as amended in 1977, in a county in which the defendant "has done business" where the venue fact proved is the single transaction which is the basis of the suit. We agree.

The courts in *Trevino*, it should be pointed out, did not hold that the "business done" *must* be related to the matter or transaction which is the subject of the cause of action. They simply held that one act, if related to the subject matter of the suit, was sufficient.

In *Herfort, supra,* the court had before it the adverse situation, where the business relied on to assert venue was one unrelated transaction. The court there held that venue was not proper in a county when the basis for the assertion of that venue was one unrelated transaction. In *Herfort,* which was an action brought by a purchaser of diamonds against a jeweler under the DTPA, the court held that the trial court erred in overruling appellant jeweler's plea of privilege, and held that appellant's mailing of purchaser's receipts to Travis County residents was, under the venue provision of the act, insufficient to establish that appellant "had done business" in Travis County.

From *Herfort* and *Trevino, supra,* it is evident that one transaction, if it is related to the subject of suit, is sufficient to establish venue under the 1977 amendment, and that one transaction is not sufficient if that act or transaction does not relate to the facts upon which the plaintiff's cause of action is based. Unlike the situation in *Herfort v. Hargrove, supra,* where the court held that one single act or transaction, unrelated to the subject matter of the suit, was not doing business in the county of suit,

in the case at bar there is voluminous evidence of business transactions involving C & W in the purchasing, leasing or construction of K-Mart stores in Tarrant County in the years from 1977 through 1979.

Neither the statute itself nor the cases, say precisely what "has done business" means, how much business is meant, or whether it must be related to the subject of suit or not. However, it is clear that when the Legislature said that to establish venue the defendant "must have done business" in the county of suit, it did not indicate that that business must have had anything to do with the cause of action alleged by the plaintiff.

It is also relevant, for these purposes, to point out that the Court of Civil Appeals' opinion in *Legal Sec. Life Ins. Co. v. Trevino, supra,* compared section 17.56 as it was in the original Deceptive Trade Practices Act, ch. 143, sec. 17.56, 1973 Tex.Gen.Laws 331, and the language of 17.56 contained in the 1977 amendment. The Legislature substituted "has done business" in the 1977 amendment for "doing business" in the original act, and the Court of Civil Appeals in *Trevino* said that meant that the Legislature intended to facilitate suits against defendants who have "*engaged in any kind of business transaction . . . in a particular county.*" (Emphasis added.)

In *Dairyland County Mut. Ins. Co. v. Harrison,* 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) the court held that the fact that defendants had taken out a yellow page ad attempting to solicit customers indicated an intent to engage in a series of transactions in the county, and that this was enough to maintain venue in the county of suit, even though the defendant had done nothing in the county of suit related to the cause of action alleged by plaintiff.

In *Moore v. White,* 587 S.W.2d 549 (Tex. Civ.App.—Dallas 1979, no writ), it was held that evidence that the defendant engaged in a single transaction in the county of suit, without more, was "no evidence" that the defendant "had done business" in the county so as to satisfy the venue requirement of the Act (1977). In *Moore,* the court said:

In *Texan Meat Co. v. Inness,* 308 S.W.2d 956 (Tex.Civ.App.—Dallas 1957, no writ), this court considered the definition of "doing business" in an opinion reversing an order overruling a plea of privilege. The court set forth the definition as, "doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act or such purpose with the intention of thereby initiating a series of such acts." Plaintiff has not shown a series of acts by defendant nor has he presented evidence from which it can be inferred that defendant had any intent to perform a series of acts in Dallas County. Plaintiffs' evidence consists solely of testimony of an isolated transaction in Dallas County. This testimony is "no evidence" that defendant had done business in Dallas County.

Considering the cases above cited, and the evidence of the appellant's business transactions in Tarrant County over a period of years, as reflected by the testimony and records introduced at the plea of privilege hearing, we hold that appellant "had done business" in Tarrant County, under the 1977 amendment to section 17.56, that venue was proper in Tarrant County, and that the trial court was correct in overruling appellant's plea of privilege.

The judgment is affirmed.