Kennedy-M v. Sweeney 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-228-CV

Â Â Â Â Â MICHAEL KENNEDY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â J. SWEENEY, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the County Court
Coryell County, Texas
Trial Court # 2640
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Michael Kennedy, a prison inmate, filed a pro se petition in forma pauperis alleging that J.
Sweeney wrongfully denied him access to law books. The Court dismissed the cause because its
"realistic chance of ultimate success is slight and/or [it] has no arguable basis in law or fact." See
Tex. Civ. Prac. & Rem. Code Ann. Â§ 13.001(b)(1), (2) (Vernon Supp. 1992). We affirm. 
Â Â Â Â Â Â A court has broad discretion when determining whether to dismiss a suit as frivolous. 
Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.âTyler 1989), writ denied per curiam, 796
S.W.2d 705 (Tex. 1990). Because Kennedy's complaint is pro se, it must be liberally construed
and not held to as rigorous a standard as formal pleadings prepared by attorneys. See Green v.
McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).
Â Â Â Â Â Â The court dismissed the suit under section 13.001(b)(1)âbecause the action's realistic chance
of ultimate success is slightâand section 13.001(b)(2)âbecause the action had no basis in law or
fact. See Tex. Civ. Prac. & Rem. Code Ann. Â§ 13.001(b)(1), (2). Our Supreme Court has
refused to "imply approval of a dismissal of an action based solely upon section 13.001(b)(1)." 
Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990). A complaint, however, is frivolous
under federal law and under section 13.001(b)(2) if it has no arguable basis in law or fact. 
Spellmon v. Sweeny, 819 S.W.2d 206, 211 (Tex. App.âWaco 1991, no writ). Thus, judges can
dismiss claims based on "indisputably meritless legal" theories as well as those whose "factual
contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104
L. Ed. 2d 338 (1989).
Â Â Â Â Â Â Kennedy's petition alleges that denying him access to law books violates his First Amendment
rights. The First Amendment provides: "Congress shall make no law respecting an establishment
of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the
press, or the right of the people to peaceably assemble, and to petition the Government for a
redress of grievances." U.S. Const. amend. I. It does not create a private action for the alleged
wrongs of prison officials. 
Â Â Â Â Â Â The court could have considered that the defendants, all state employees, were entitled to
quasi-judicial immunity from damages. See Johnson v. Peterson, 799 S.W.2d 345, 347 (Tex.
App.âHouston [14th Dist.] 1990, no writ). It also could have concluded that the actual damages
were de minimis. Furthermore, because "prison officials have broad administrative and
discretionary authority over the institutions they manage and lawfully incarcerated persons retain
only a narrow range of protected liberty interests," the court likewise could have determined that
the defendants were legally justified in denying Kennedy access to the law books. See Johnson
v. Lynaugh, 800 S.W.2d 936, 938-39 (Tex. App.âHouston [14th Dist.] 1990, writ granted). 
Â Â Â Â Â Â Thus, we hold that the court did not abuse its discretion when it dismissed Kennedy's
complaint because it had no arguable basis in law or fact. We overrule point one and affirm the
judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed April 29, 1992
Do not publish



ident, Scott Peden, contains additional denials.  Peden states that (1)
Life Partners Âhas not discussed, negotiated or executedÂ contracts in Travis
County, Âspecifically target[ed] the Travis County market,Â or Âinitiated any
contact with a Travis County citizen or residentÂ; (2) all contracts are
executed in McLennan County; (3) the sixteen contracts and one hundred thirteen
policies with Travis County residents were initiated by these individuals
contacting Life Partners in McLennan County; (4) contact with the four Travis
County insurance companies is limited to advising the company of Âthe change of
ownership of the policyÂ; and (5) Life Partners does not do business in Travis
County.

Having been attached to Life PartnersÂs motion and
expressly incorporated therein, PedenÂs affidavit became part of the motion
itself.Â  See Tex. R. Civ. P.
59; see also Skepnek v.
Mynatt, 8 S.W.3d 377, 381 (Tex.
App.ÂEl Paso 1999, pet. denied).Â  In light of the denials contained in both
Life PartnersÂ motion and PedenÂs affidavit, we conclude that Life Partners specifically denied the particular
venue facts pleaded by the State; thus, requiring the State to provide prima
facie proof of the venue facts denied. Â See Tex. R. Civ. P. 87(3)(a); see also Stroud Oil Props., 110 S.W.3d at 22-23.

ÂHas Done BusinessÂ

The State argues that Travis County is a proper
venue because Life Partners Âhas done businessÂ there.Â  Tex. Bus. & Com. Code Ann. Â§ 17.47(b).Â  Texas courts have
not addressed this specific provision.Â  However, a former version of section
17.56 contained a similar Âhas done businessÂ clause.Â  See Act of May 10,
1977, 65th Leg., R.S., ch. 216, Â§ 8, 1977 Tex. Gen. Laws. 600, 604 (amended 1979)
(current version at Tex. Bus. & Com.
Code Ann. Â§ 17.56 (Vernon 2002).Â  The 1977 version of section 17.56
provided:

An action brought which alleges a claim to relief
under Section 17.50 of this subchapter may be commenced in the county in which
the person against whom the suit is brought resides, has his principal place of
business, or has done business.

Â 

Id.

Â 

Courts construing section 17.56 have determined
that: (1) multiple transactions, even if unrelated to the facts of the case,
are sufficient to establish venue; (2) a single transaction is sufficient to
establish venue if it forms the basis of the lawsuit; and (3) a single
transaction is insufficient to establish venue if it Âdoes not relate to the
facts upon which the plaintiffÂs cause of action is based.ÂÂ  FDI Inv. Corp. v. S.S.G. Invs., 663 S.W.2d 135, 138 (Tex. Civ. App.ÂFort Worth
1983, no writ); see Legal Sec. Life Ins. Co. v. Trevino, 605
S.W.2d 857Â (Tex. 1980); see also Herfort
v. Hargrove, 606
S.W.2d 359, 360 (Tex. Civ. App.ÂAustin 1980, writ refÂd n.r.e.).Â  We
find these cases instructive to our analysis under section 17.47.

To establish venue in Travis County, the State presented evidence that Life Partners has engaged in transactions with
one hundred thirteen insureds, sixteen investors, and four insurance companies
all located in Travis County and has mailed Âdemand lettersÂ to Travis County investors.Â  The affidavit of Tom
Sager, a Travis County investor, reflects that Sager has received several
Âdemand lettersÂ from Life Partners over the years.Â  The record contains numerous
similar letters sent to at least two other Travis County residents.Â  The State
argues that these letters contain misrepresentations regarding the investorsÂ obligations
to pay premiums.

Life Partners admits contracting with Travis
County investors and facilitating the purchase of life insurance policies with Travis County insureds, but maintains that these individuals initiated communications by
contacting Life Partners in McLennan County, all contracts were executed in McLennan County, and all discussions and negotiations occurred in McLennan County.Â  Life PartnersÂs only contact with Travis County insurance companies is to advise the
companies of the change in ownership of the policies.Â  Life Partners does not
dispute that it mailed letters to Travis County residents, but contends that
the mailings are Âmerely reminders of obligations on contracts already
culminated and executed in McLennan County.ÂÂ  We agree.Â  See Herfort,
606 S.W.2d at
360.

At the time of the original contract, investors
believed, by express terms in the contract, that they would not be required to
pay additional costs.Â  This was the actionable representation.Â  Accordingly, the
letters do not constitute evidence that Life Partners was Âdoing businessÂ in Travis County for purposes of section 17.47.Â  See FDI, 663 S.W.2d at 138;
see also Trevino, 605 S.W.2d at 857; see also Herfort,
606 S.W.2d at
360. Â We overrule the StateÂs first issue.

SUMMARY JUDGMENT

Â Â Â Â Â Â Â Â Â Â Â  In its second issue, the State
contends that the trial court erred by granting Life PartnersÂ second motion
for summary judgment.

Standard of Review

We review a trial courtÂs summary judgment de
novo.Â  See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).Â 
To prevail on a traditional summary judgment motion, the movant must
demonstrate that there are no genuine issues of material fact and that it is
entitled to judgment as a matter of law.Â  See Diversicare Gen. Partner, Inc. v.
Rubio, 185
S.W.3d 842, 846 (Tex. 2005).Â  We will Âconsider all the evidence in
the light most favorable to the nonmovant, indulging every reasonable inference
in favor of the nonmovant and resolving any doubts against the motion.Â Â Goodyear Tire & Rubber Co. v. Mayes, No. 04-0993, 2007 Tex. Lexis
543, at *4 (Tex. June 15, 2007) (citing Sudan v. Sudan,
199 S.W.3d 291, 292 (Tex. 2006) and Wal-Mart Stores, Inc. v.
Spates, 186 S.W.3d 566, 568 (Tex. 2006)).Â  We must determine
Âwhether reasonable and fair-minded jurors could differ in their conclusions in
light of all of the evidence presented.ÂÂ  Mayes, 2007 Tex. Lexis 543, at *1 (citing Spates, 186
S.W.3d at 568 and City of Keller v. Wilson, 168 S.W.3d 802, 822-24 (Tex.
2005)).

Procedural Issues

Â Â Â Â Â Â Â Â Â Â Â  The State argues that Life PartnersÂ
motion: (1) fails to state the specific grounds for summary judgment or plead
the StateÂs lack of standing; and (2) contains general references to voluminous
documents.

Failure to State Specific Grounds for Summary
Judgment and Plead Standing

A summary
judgment motionÂ must expressly Âstate the specific groundsÂ on which the movant
seeks judgment. Â Tex. R.
Civ. P. 166a(c).Â 
Grounds are sufficiently specific so long as they provide the nonmovant with
Âfair noticeÂ of the basis upon which judgment is sought.Â  Almanza v. Navar, 225 S.W.3d 14, 20 (Tex. App.ÂEl Paso 2005, no pet.).

In its
motion, Life Partners specifically argues that it is entitled to summary
judgment as a matter of law because the StateÂs claim is based on ambiguous
language in the contract, which is not actionable under the DTPA, and so the
State lacks authority to sue.[1]Â  We
cannot say that Life PartnersÂ motion fails to expressly state the specific grounds relied on or
fails to provide the State with Âfair noticeÂ of those grounds.Â  See
Tex. R.
Civ. P. 166a(c);
see also Almanza, 225 S.W.3d at 20.Â  Moreover, we construe Life PartnersÂ assertion that the State lacks the
authority to bring suit as an attack on the StateÂs standing to sue.Â  

General References to Voluminous Documents

ÂA general reference to a voluminous record that does not direct the
trial court and parties to the evidence on which the movant relies is
insufficient.ÂÂ  Aguilar v. Morales, 162 S.W.3d 825, 838 (Tex. App.ÂEl Paso 2005,
pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  Life PartnersÂ motion incorporated the
Âpleadings of parties on file,Â the affidavit of Scott Peden attached to the
motion, and the affidavits of Scott Peden and exhibit attached to DefendantÂs
Response to PlaintiffÂs First Motion for Partial Summary Judgment, DefendantÂs
Response to PlaintiffÂs Second Motion for Partial Summary Judgment and
DefendantÂs Supplemental Response to PlaintiffÂs First Motion for Partial
Summary Judgment and DefendantÂs Supplemental Motion for Summary Judgment.Â 
Life Partners also attached a copy of the contract to its motion.

Life PartnersÂ general reference to the pleadings
on file was insufficient to alert the State or the trial court to the evidence
supporting its motion.Â  However, in addition to the documents attached to the
motion, Life PartnersÂ references to its responsive summary judgment pleadings
specifically direct the trial court and the State to PedenÂs other affidavits
and an attached exhibit.Â  See Ash v. Hack Branch Distrib. Co., 54 S.W.3d
401, 409 (Tex. App.ÂWaco 2001, pet. denied) (Âsummary judgment
evidence may include deposition transcripts, interrogatory
answers, pleadings,
affidavits, and Âother discovery responses referenced or set forth in the
motion or responseÂÂ) (quoting TEX. R. CIV. P. 166a(c)).Â  Life PartnerÂs motion sufficiently directed the
State and the trial court to the evidence relied on in its motion.Â  See Aguilar,
162 S.W.3d at 838.

Ambiguity in the Contract

A mere breach of contract claim is not actionable
under the DTPA.Â  See Rocky Mountain Helicopters, Inc.
v. Lubbock County Hosp. Dist., 987 S.W.2d 50, 53 (Tex. 1998); see also Crawford v. Ace Sign,
Inc., 917 S.W.2d
12, 14 (Tex. 1996).Â  The distinction Âbetween a DTPA violation and a
breach of contract claim, properly lies when an alternative interpretation of
the contract is asserted, and the dispute arises out of the performance of the
contract.Â Â Quitta v. Fossati, 808 S.W.2d 636, 644 (Tex. App.ÂCorpus Christi
1991, no writ).Â  ÂIn such a case the
DTPA is not violated, and the legal rights of the parties are governed by
traditional contract principles.ÂÂ  Id.

ÂWhether a contract is ambiguous is a question of law that must be decided
by examining the contract
as a whole in light of the circumstances present when the contract was entered.Â Â Enter. Leasing Co. v. Barrios,
156 S.W.3d 547, 549 (Tex. 2004)Â (quotingÂ Columbia Gas Transmission Corp.
v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex. 1996)). Â ÂIf
the written instrument is so worded that it can be given a certain or definite
legal meaning or interpretation, then it is not ambiguous and the court will
construe the contract as a matter of law.Â Â Id. (quoting Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983)).
Â ÂAn ambiguity exists only if the contract language is
susceptible to two or more reasonable interpretations.Â Â Id. Â ÂAn ambiguity does not
arise simply because the parties
advance conflicting
interpretations of the contract; for an ambiguity to exist, both
interpretations must be reasonable.ÂÂ  Wal-Mart
Stores, Inc. v. Sturges, 52
S.W.3d 711, 728 (Tex. 2001).

Our task is to decide whether there is more than one reasonable interpretation
of the contractual language relied on by the State.Â Â The Âacquisition costsÂ provision in the contract states:

LPIÂs fees for all services provided in the
performance of its duties shall be complete and inclusive in the policy
purchase deposit and the PURCHASER will not incur costs of any type beyond
the amount tendered as the policy purchase deposit.Â  LPI makes no representations
as to what specific net amount will be accepted by applicant for the sale of
the policy, nor the specific fees assessed by LPI or by any specific supporting
entity including reviewing physicians, laboratories, attorneys, licensees and
consultants as well as legal and escrow costs.Â  After purchase, LPI shall have
no further specific duties to Purchaser, but LPI shall use its best efforts to
assist Purchaser, if requested, in any way possible.

Â 

(emphasis added).Â  Life Partners suggests that ÂcostsÂ
refers to its fees for services and this provision means that the purchaser
will not be required to pay any further fees for Life PartnersÂ services.Â 
The State suggests that this provision means that the purchaser will not be
required to pay any further costs, beyond the Âpolicy purchase deposit,Â for
the life of the transaction.

Â Â Â Â Â Â Â Â Â Â Â  We do not believe that Life PartnersÂ
interpretation of the contract is reasonable.Â  Life Partners uses two different
terms, ÂfeesÂ and Âcosts,Â in the course of describing the purchaserÂs
financial obligations.Â  The contractÂs plain language expressly states that the
ÂPURCHASER will not incur costs of any typeÂ and does not limit ÂcostsÂ
to fees for Life PartnersÂ services.Â  See Karen Corp. v. Burlington N. & Santa Fe Ry., 107 S.W.3d 118, 122 (Tex. App.ÂFort Worth 2003,
pet. denied)Â Â (ÂIt
is a basic rule of contract law that when a court is called upon to interpret a
contract, the
court will give plain
meaning to the words used in the writingÂ). Â This language may be
given a certain and definite legal meaning and is not ambiguous. Â See Barrios, 156 S.W.3d at
549.Â  The StateÂs DTPA claim is actionable and the trial court erred
by granting Life PartnerÂs second motion for summary judgment.Â  The StateÂs
second issue is sustained and we need not address the StateÂs remaining
arguments.Â  See Tex. R. App. P. 47.1.Â  We
reverse the judgment and remand this
cause to the trial court for further proceedings consistent with this opinion.

Â 

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray concurs in the judgment only to
the extent that it reverses the trial courtÂs judgment and remands the
proceeding to the trial court for further proceeding.Â  Specifically, Chief
Justice Gray does not join or agree with the CourtÂs opinion wherein it
determines LPIÂs proffered interpretation of the contract is not reasonable.Â 
In the procedural posture of this appeal we are not yet in the position to
announce such a ruling and to make it the law of the case.Â  Further, Chief
Justice Gray withdraws his dissenting opinion dated August 22, 2007, which was
in response to the CourtÂs prior opinion which is also being withdrawn)

Reversed and remanded 

Opinion delivered and
filed November 14, 2007

[CV06] 

Â Â Â Â Â Â Â Â Â Â Â  Â  Â Â Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  On the StateÂs second motion for
partial summary judgment, the trial court had previously held that the
contractual Âlanguage is ambiguous and not unambiguous.ÂÂ  Life PartnersÂ
second motion for summary judgment sought affirmance of this holding and a
ruling that the StateÂs DTPA claim is not actionable.