**The STATE of Texas, Appellant,**

v.

**LIFE PARTNERS, INC., Appellee.**

No. 10–06–00182–CV.

Court of Appeals of Texas,
Waco.

Nov. 14, 2007.

Rehearing Overruled Dec. 11, 2007.

Raymond G. Olah, Office of Atty. Gen., Mary Taylor Henderson, Asst. Atty. Gen., Austin, for Appellant/Relator.

Vance Dunnam, Dunnam & Dunnam, Waco, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

Appellee's motion for rehearing is granted. The opinion and judgment dated August 22, 2007 are withdrawn, and the opinion and judgment of even date herewith are substituted therefor.

## OPINION

FELIPE REYNA, Justice.

The State of Texas sued Life Partners, Inc. in Travis County for violations of the Texas Deceptive Trade Practices–Consumer Protection Act. In three issues, the State argues that the trial court erred by: (1) transferring venue from Travis County to McLennan County; (2) granting Life Partners's second motion for summary judgment; and (3) prohibiting a non-party deposition. We reverse and remand.

## BACKGROUND

Life Partners is a viatical settlement company that facilitates the sale of life insurance policies to investors. The contract, entitled "policy funding agreement," between Life Partners and the investor requires the payment of a "policy purchase deposit." The contract states in part that "PURCHASER will not incur costs of any type beyond the amount tendered as the policy purchase deposit." When Life Partners mailed "demand letters" notifying Travis County investors that their escrow accounts were depleted and an additional fee must be paid to prevent the policy

from lapsing, the State filed suit on behalf of the public interest.

## VENUE

In its first issue, the State contends that the trial court erred by transferring venue to McLennan County because: (1) Life Partners failed to specifically deny the State's venue facts; and (2) venue is proper in Travis County.

### Standard of Review

 When determining venue, a court considers only the pleadings and affidavits. *See* Tex.R. Civ. P. 87(3). Properly pled venue facts "shall be taken as true unless specifically denied." Tex.R. Civ. P. 87(3)(a). If the defendant specifically denies any of the venue facts pleaded by the plaintiff, the plaintiff must make *prima facie* proof of the venue fact(s) denied. *In re Stroud Oil Props.*, 110 S.W.3d 18, 22–23 (Tex.App.-Waco 2002, no pet.) (orig.proceeding). " '[S]pecific denial' of a venue fact requires that the fact *itself* be denied." *Maranatha Temple, Inc. v. Enter. Prod. Co.*, 833 S.W.2d 736, 740 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *see also Sanes v. Clark*, 25 S.W.3d 800, 803 (Tex. App.-Waco 2000, pet. denied). When reviewing venue, we consider the entire record. *See Wilson v. Tex. Parks & Wildlife Dep't.*, 886 S.W.2d 259, 261 (Tex.1994). We must determine whether "venue was proper in the ultimate county of suit." *Id.* Reversal is required where a motion to transfer is erroneously granted or denied. *See Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex.1996).

### Specific Denials

 The State asserts venue pursuant to section 17.47 of the Business and Commerce Code, under which an action "may

be commenced in the district court of the county in which the person against whom it is brought has done business." Tex. Bus. & Com.Code Ann. § 17.47(b) (Vernon Supp. 2006). The State alleges that Life Partners has done and does business in Travis County by (1) entering contracts and exchanging documents with one hundred thirteen insureds, sixteen investors, and four insurance companies all located in Travis County; and (2) mailing "demand letters" to Travis County investors. In its motion, Life Partners specifically denied the "venue facts pled in Plaintiff's Original Petition" and states that its place of business is located in McLennan County, it is a resident of McLennan County, it maintains no agent, representative, or place of business in Travis County, and it has not done business in Travis County. The State argues that these denials are not sufficiently specific and fail to address the particular venue facts pleaded.

However, the affidavit of Life Partners's president, Scott Peden, contains additional denials. Peden states that (1) Life Partners "has not discussed, negotiated or executed" contracts in Travis County, "specifically target[ed] the Travis County market," or "initiated any contact with a Travis County citizen or resident"; (2) all contracts are executed in McLennan County; (3) the sixteen contracts and one hundred thirteen policies with Travis County residents were initiated by these individuals contacting Life Partners in McLennan County; (4) contact with the four Travis County insurance companies is limited to advising the company of "the change of ownership of the policy"; and (5) Life Partners does not do business in Travis County.

Having been attached to Life Partners's motion and expressly incorporated therein, Peden's affidavit became part of the motion itself. *See* Tex.R. Civ. P. 59; *see also*

*Skepnek v. Mynatt*, 8 S.W.3d 377, 381 (Tex.App.-El Paso 1999, pet. denied). In light of the denials contained in both Life Partners' motion and Peden's affidavit, we conclude that Life Partners specifically denied the particular venue facts pleaded by the State; thus, requiring the State to provide prima facie proof of the venue facts denied. *See* Tex.R. Civ. P. 87(3)(a); *see also Stroud Oil Props.*, 110 S.W.3d at 22–23.

### "Has Done Business"

The State argues that Travis County is a proper venue because Life Partners "has done business" there. Tex. Bus. & Com.Code Ann. § 17.47(b). Texas courts have not addressed this specific provision. However, a former version of section 17.56 contained a similar "has done business" clause. *See* Act of May 10, 1977, 65th Leg., R.S., ch. 216, § 8, 1977 Tex. Gen. Laws. 600, 604 (amended 1979) (current version at Tex. Bus. & Com.Code Ann. § 17.56 (Vernon 2002)). The 1977 version of section 17.56 provided:

> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business.

*Id.*

Courts construing section 17.56 have determined that: (1) multiple transactions, even if unrelated to the facts of the case, are sufficient to establish venue; (2) a single transaction is sufficient to establish venue if it forms the basis of the lawsuit; and (3) a single transaction is insufficient to establish venue if it "does not relate to the facts upon which the plaintiff's cause of action is based." *FDI Inv. Corp. v. S.S.G. Invs.*, 663 S.W.2d 135, 138 (Tex.Civ.App.-Fort Worth 1983, no writ); *see Legal Sec. Life Ins. Co. v. Trevino*, 605 S.W.2d 857

(Tex.1980); *see also Herfort v. Hargrove,* 606 S.W.2d 359, 360 (Tex.Civ.App.-Austin 1980, writ ref'd n.r.e.). We find these cases instructive to our analysis under section 17.47.

To establish venue in Travis County, the State presented evidence that Life Partners has engaged in transactions with one hundred thirteen insureds, sixteen investors, and four insurance companies all located in Travis County and has mailed "demand letters" to Travis County investors. The affidavit of Tom Sager, a Travis County investor, reflects that Sager has received several "demand letters" from Life Partners over the years. The record contains numerous similar letters sent to at least two other Travis County residents. The State argues that these letters contain misrepresentations regarding the investors' obligations to pay premiums.

Life Partners admits contracting with Travis County investors and facilitating the purchase of life insurance policies with Travis County insureds, but maintains that these individuals initiated communications by contacting Life Partners in McLennan County, all contracts were executed in McLennan County, and all discussions and negotiations occurred in McLennan County. Life Partners's only contact with Travis County insurance companies is to advise the companies of the change in ownership of the policies. Life Partners does not dispute that it mailed letters to Travis County residents, but contends that the mailings are "merely reminders of obligations on contracts already culminated and executed in McLennan County." We agree. *See Herfort,* 606 S.W.2d at 360.

At the time of the original contract, investors believed, by express terms in the contract, that they would not be required to pay additional costs. This was the actionable representation. Accordingly, the letters do not constitute evidence that Life Partners was "doing business" in Travis County for purposes of section 17.47. *See FDI,* 663 S.W.2d at 138; *see also Trevino,* 605 S.W.2d at 857; *see also Herfort,* 606 S.W.2d at 360. We overrule the State's first issue.

## SUMMARY JUDGMENT

In its second issue, the State contends that the trial court erred by granting Life Partners' second motion for summary judgment.

### Standard of Review

We review a trial court's summary judgment *de novo. See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). To prevail on a traditional summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005). We will "consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754 (Tex., 2007) (citing *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex.2006) and *Wal–Mart Stores, Inc. v. Spates,* 186 S.W.3d 566, 568 (Tex.2006)). We must determine "whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Mayes,* 236 S.W.3d at 755 (citing *Spates,* 186 S.W.3d at 568 and *City of Keller v. Wilson,* 168 S.W.3d 802, 822–24 (Tex.2005)).

### Procedural Issues

The State argues that Life Partners' motion: (1) fails to state the specific grounds for summary judgment or plead the State's lack of standing; and (2) con-

tains general references to voluminous documents.

### Failure to State Specific Grounds for Summary Judgment and Plead Standing

■ A summary judgment motion must expressly "state the specific grounds" on which the movant seeks judgment. TEX.R. CIV. P. 166a(c). Grounds are sufficiently specific so long as they provide the non-movant with "fair notice" of the basis upon which judgment is sought. *Almanza v. Navar*, 225 S.W.3d 14, 20 (Tex.App.-El Paso 2005, no pet.).

■ In its motion, Life Partners specifically argues that it is entitled to summary judgment as a matter of law because the State's claim is based on ambiguous language in the contract, which is not actionable under the DTPA, and so the State lacks authority to sue.[1] We cannot say that Life Partners' motion fails to expressly state the specific grounds relied on or fails to provide the State with "fair notice" of those grounds. *See* TEX.R. CIV. P. 166a(c); *see also Almanza*, 225 S.W.3d at 20. Moreover, we construe Life Partners' assertion that the State lacks the authority to bring suit as an attack on the State's standing to sue.

### General References to Voluminous Documents

■ "A general reference to a voluminous record that does not direct the trial court and parties to the evidence on which the movant relies is insufficient." *Aguilar v. Morales*, 162 S.W.3d 825, 838 (Tex.App.-El Paso 2005, pet. denied).

■ Life Partners' motion incorporated the "pleadings of parties on file," the affidavit of Scott Peden attached to the

motion, and the affidavits of Scott Peden and exhibit attached to Defendant's Response to Plaintiff's First Motion for Partial Summary Judgment, Defendant's Response to Plaintiff's Second Motion for Partial Summary Judgment and Defendant's Supplemental Response to Plaintiff's First Motion for Partial Summary Judgment and Defendant's Supplemental Motion for Summary Judgment. Life Partners also attached a copy of the contract to its motion.

Life Partners' general reference to the pleadings on file was insufficient to alert the State or the trial court to the evidence supporting its motion. However, in addition to the documents attached to the motion, Life Partners' references to its responsive summary judgment pleadings specifically direct the trial court and the State to Peden's other affidavits and an attached exhibit. *See Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 409 (Tex.App.-Waco 2001, pet. denied) ("summary judgment evidence may include deposition transcripts, interrogatory answers, pleadings, affidavits, and 'other discovery responses referenced or set forth in the motion or response' ") (quoting TEX. R. CIV. P. 166a(c)). Life Partner's motion sufficiently directed the State and the trial court to the evidence relied on in its motion. *See Aguilar*, 162 S.W.3d at 838.

### Ambiguity in the Contract

■ A mere breach of contract claim is not actionable under the DTPA. *See Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist.*, 987 S.W.2d 50, 53 (Tex.1998); *see also Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex.1996). The distinction "between a DTPA violation

---

1. On the State's second motion for partial summary judgment, the trial court had previously held that the contractual "language is ambiguous and *not* unambiguous." Life Part-

ners' second motion for summary judgment sought affirmance of this holding and a ruling that the State's DTPA claim is not actionable.

and a breach of contract claim, properly lies when an alternative interpretation of the contract is asserted, and the dispute arises out of the performance of the contract." *Quitta v. Fossati*, 808 S.W.2d 636, 644 (Tex.App.-Corpus Christi 1991, no writ). "In such a case the DTPA is not violated, and the legal rights of the parties are governed by traditional contract principles." *Id.*

▮▮▮ "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Enter. Leasing Co. v. Barrios*, 156 S.W.3d 547, 549 (Tex.2004) (quoting *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex.1996)). "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Id.* (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). "An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations." *Id.* "An ambiguity does not arise simply because the parties advance conflicting interpretations of the contract; for an ambiguity to exist, both interpretations must be reasonable." *Wal–Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 728 (Tex.2001).

▮▮▮ Our task is to decide whether there is more than one reasonable interpretation of the contractual language relied on by the State. The "acquisition costs" provision in the contract states:

LPI's fees for all services provided in the performance of its duties shall be complete and inclusive in the policy purchase deposit and the *PURCHASER will not incur costs of any type beyond the amount tendered as the policy purchase deposit.* LPI makes no represen-

tations as to what specific net amount will be accepted by applicant for the sale of the policy, nor the specific fees assessed by LPI or by any specific supporting entity including reviewing physicians, laboratories, attorneys, licensees and consultants as well as legal and escrow costs. After purchase, LPI shall have no further specific duties to Purchaser, but LPI shall use its best efforts to assist Purchaser, if requested, in any way possible.

(emphasis added). Life Partners suggests that "costs" refers to its fees for services and this provision means that the purchaser will not be required to pay any further fees for Life Partners' services. The State suggests that this provision means that the purchaser will not be required to pay any further costs, beyond the "policy purchase deposit," for the life of the transaction.

We do not believe that Life Partners' interpretation of the contract is reasonable. Life Partners uses two different terms, "fees" and "costs," in the course of describing the purchaser's financial obligations. The contract's plain language expressly states that the "PURCHASER will not incur *costs of any type*" and does not limit "costs" to fees for Life Partners' services. *See Karen Corp. v. Burlington N. & Santa Fe Ry.*, 107 S.W.3d 118, 122 (Tex.App.-Fort Worth 2003, pet. denied) ("It is a basic rule of contract law that when a court is called upon to interpret a contract, the court will give plain meaning to the words used in the writing"). This language may be given a certain and definite legal meaning and is not ambiguous. *See Barrios*, 156 S.W.3d at 549. The State's DTPA claim is actionable and the trial court erred by granting Life Partner's second motion for summary judgment. The State's second issue is sustained and we need not address the State's remaining arguments. *See* Tex.R.App. P.

47.1. We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

(Chief Justice GRAY concurs in the judgment only to the extent that it reverses the trial court's judgment and remands the proceeding to the trial court for further proceeding. Specifically, Chief Justice Gray does not join or agree with the Court's opinion wherein it determines LPI's proffered interpretation of the contract is not reasonable. In the procedural posture of this appeal we are not yet in the position to announce such a ruling and to make it the law of the case. Further, Chief Justice Gray withdraws his dissenting opinion dated August 22, 2007, which was in response to the Court's prior opinion which is also being withdrawn).